STATE OF MISSOURI, TO USE OF JOHN J. KIDNEY, Appellant, *v.* MARSHALL & COMPANY, A CORPORATION, ET AL., Respondents.

### May 1, 1877.

1. Where the question is between two execution creditors, one of whom claims title to certain property by virtue of a judgment good as against realty, and the other of whom claims title to the property by virtue of a sale under a judgment good only as against personalty, the *status* of the property in dispute, whether real or personal, is not determined by the intent with which the owner of the property attached it to the freehold, or similar considerations applicable as between landlord and tenant, vendor and vendee, etc. Properly speaking, in this present case no question arises under the law of fixtures. Between these two third persons and the owner of the property there is no mutuality; and the principle which determines the character of the property is the elementary rule, *Quicquid plantatur solo, solo cedit.*

2. Here the evidence clearly showed that the physical condition of the property in dispute was such as to make it a part of the realty. This being so, the alleged sale by the constable under the justice's judgment conveyed no title to the plaintiff.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for appellant: What property is not subject to mechanics' liens. —*Collins* v. *Matt*, 45 Mo. 100; *Haeussler* v. *Missouri Glass Co.*, 52 Mo. 452.   What

are fixtures. — *Lacey* v. *Giboney*, 36 Mo. 320; *Finney* v. *Watkins*, 13 Mo. 291; *Rowell* v. *McAshen*, 28 Mo. 70. A party claiming property as a fixture which is personal in its nature must show that its character has been changed, by some facts or circumstances which prove the intention of the owner to so change it. — *Hunt* v. *Mullanphy*, 1 Mo. 508.

H. A. HAEUSSLER, for respondents: Fixtures. — *Graves* v. *Pierce*, 53 Mo. 423; *Rogers* v. *Crow*, 40 Mo. 95; *Cohen* v. *Kyler*, 27 Mo. 122; *Faber* v. *Robinson*, 36 Barb. 485.

HAYDEN, J., delivered the opinion of the court.

This was an action upon a bond of indemnity given to the sheriff of St. Louis County, under the Sheriffs' and Marshals' Act of 1855, by the respondents. Marshall & Co., a corporation, and the principal in the bond, on May 3, 1875, obtained a judgment in the court below upon a mechanic's lien claim against the St. Louis Sanitary, etc., Company, which, by a lease for ten years, then in operation and renewable, had hired a tract of land and erected upon it buildings and manufacturing machinery for their business. The company failing to pay, various lien claims were filed, and under a special execution running against the realty, issued upon the judgment of Marshall & Co., the sheriff, on June 19, 1875, levied in their favor, among other property, upon the property in controversy, — two steam boilers and two gauges. This property had previously been sold by a constable, on May 29, 1875, under a judgment of a justice of the peace, rendered and execution issued thereon on May 12, 1875, in favor of Kidney, at whose instance the present suit is brought. Kidney did not attempt to remove the boilers, or any part of the property, all of which was attached to the ground in the manner and under the circumstances stated below; but when the sheriff, under Marshall & Co.'s execution, levied upon the property in dispute, Kidney filed his claim to that property, under the act of 1855. Upon this the bond here sued on was given, and

the sheriff proceeding with the sale, Marshall & Co. became the purchasers and received the property.

The answer, after denying that Kidney was the owner of the property, set up that the judgment and execution under which the defendants claimed were special against the property and other realty with which this property was incorporated; that this property could not be removed without injuring the realty and making the buildings worthless, etc. There was no reply to the new matter of the answer.

Upon the trial the plaintiff gave in evidence the bond sued on, the claim, the execution and constable's return upon it, a bill of sale of the property from the constable to Kidney, and the execution from the Circuit Court and return of the sheriff thereon, showing his levy and sale of the property. The oral testimony tended to show that the business of the St. Louis Sanitary, etc., Company was manufacturing, and rendering fats and dead animals; that this property was part of the improvements put on the leased ground by that company in order to carry on its business; that the buildings and machinery, including the boilers, which were furnished by Marshall & Co., were built and put in for a common purpose, and contracted for about the same time; that the building in which the boilers were was a frame shed, at the rear of the main building; that the boilers rested on the ground, or rock foundations in the ground, and that there was a brick furnace built closely upon the sides of them; that one end of the gauges was screwed to a piece of wood, and the other end to the boilers; that the boilers could have been easily moved without doing any permanent injury to *the building;* that they were placed as boilers usually are for manufacturing purposes, the machinery being connected by pipes and pulleys with the engines and boilers. The machinist and engineer who put up the machinery and boilers further testified that to take away the boilers would wreck the whole place, and make it valueless for the purposes intended, and that, after the

boilers were properly put in, the shed in which they were was built over them. The defendants demurred to the evidence, but the court overruled the demurrer. The defendants' parol testimony tended to show that the boilers could not have been moved without taking down the chimney, the walls of the furnace, etc., but that they were like other boilers put up for such purposes, which are often moved from one building to another. It is not necessary to set out the instructions. The jury found for the defendants.

This case was tried upon a wrong theory, and the legal questions presented by the instructions offered did not arise in the case. The question was, not whether Marshall & Co. had a good title to the property, but whether Kidney had a title by virtue of his execution and the constable's sale. It did not follow that if the boilers, etc., were not subject to a mechanic's lien, they were personal property *quoad* the plaintiff's execution. The test by which to determine the character of property, where the question is one of a mechanic's lien, must depend upon the terms of the statute. The test in the case of the plaintiff's execution is furnished by the common law. Properly speaking, the law of fixtures was not involved in this case. Waiving the failure to file a reply, the plaintiff's testimony showed plainly the *status* of the property. The legal conclusion flowed from the testimony that the execution in the constable's hands, being merely a lien on personal property, was no lien on this property, and that his sale was of no legal effect. That the evidence showed that the property was a fixture did not help the plaintiff's case. A fixture is not, *prima facie*, personal property. A fixture is a part of the real estate which, as between certain parties and for certain purposes, may be severed from it. When lawfully severed, it may become personal property, and then (*e. g.*) it may be sued for in replevin. *Heaton* v. *Findlay*, 12 Pa. St. 304; *Gardner* v. *Finley*, 19 Barb. 317. But even this last proposition cannot be stated absolutely, or without regard

to the nature of the property and the purposes of the removal. *Wadleigh* v. *Janvrin*, 41 N. H. 503 ; *Mather* v. *Trinity Church*, 3 Serg. & R. 509 ; *Powell* v. *Smith*, 2 Watts, 126. "The rule," said Chief Justice Shaw, in *Winslow* v. *Merchants' Insurance Company*, 4 Metc. 306, "that exists, that objects must be actually and firmly affixed to the freehold to become realty, or otherwise be considered as personalty, is far from constituting a criterion." In the present case the articles were substantially attached to the ground, and the rule of the common law, *Quicquid plantatur solo, solo cedit*, applies. There was no question involving the relation of lessor and lessee, or of seller and purchaser, or even of heir and executor, and accordingly the qualifications of, and limitations upon, the general rule have no application. *Elwes* v. *Mawe*, 2 Smith's Ld. Cas. *228, and notes. The intention with which the boilers were affixed, as to which the jury was instructed, was not material. If the property would otherwise have been personal, it could not, as against Kidney, have been made realty by the tenant's intention to make it such. Whatever may be the rights of the tenant of the freehold as to severing a trade fixture and making it personal property, as against a creditor who has a lien on the freehold (*Gray* v. *Holdship*, 17 Serg. & R. 415 ; *Union Bank* v. *Emerson*, 15 Mass. 159 ; *Heaton* v. *Findlay*, 12 Pa. St. 307), the mere question of the intent with which the tenant affixed to the freehold property which has not been severed cannot determine the *status* of the property, as between two contending creditors. There is no necessity for adopting such an uncertain test, and the well-established rule which determines what is realty is irrespective of the intention of the person who affixed the property. *Goddard* v. *Bolster*, 6 Greenl. 427 ; *Benedict* v. *Benedict*, 5 Day, 464 ; *Frankland* v. *Moulton*, 5 Wis. 1. So the questions submitted to the jury — whether the boilers and gauges were so attached to the building that they could have been removed without injury to the rest of

the building, whether they were put in for manufacturing purposes, and as to the particular manner in which they were fastened or secured — were irrelevant. It made no difference whether the boilers could have been removed through the door or window of the shed placed over them. The plaintiff's own evidence developed the facts, showing clearly that the boilers were part of the realty. There was no dispute as to the material facts on which the plaintiff's right to recover depended; and where this is the case there should be no submission to the jury. By such a submission, not only is time consumed and expense incurred to no purpose, but error in law is committed; since the submission of the case to a jury implies that there is something for a jury to pass upon in order to determine the question whether the plaintiff is entitled to recover. It is as clearly error to allow a case to go to a jury where there is no issue of fact to be tried, as it is error to take a case from a jury where there is evidence that would sustain a verdict, if rendered. The law does not require a useless thing to be done; and to submit a case to a jury, when a verdict for the plaintiff must be set aside as unsupported by evidence, can serve no possible purpose.

The cases of *Lacey* v. *Giboney*, 36 Mo. 320, *Finney* v. *Watkins*, 13 Mo. 291, *Powell* v. *McAshan*, 28 Mo. 70, and *Hunt* v. *Mullanphy*, 1 Mo. 508, relied on by the appellant, are cases between grantor and grantee, landlord and tenant, or mortgageor and mortgagee, and the remarks of the court in those cases are to be taken in subjection to the questions which were under discussion. The complex considerations growing out of the increase of commerce and the changes in modern life, which have introduced new rules in favor of the tenant, as against the landlord, and in a less degree have modified the law as between seller and purchaser (*Cohen* v. *Kyler*, 27 Mo. 122; *Rogers* v. *Crow*, 40 Mo. 95), and even between heir and executor, have no application to a case where the question is merely between two creditors, and whether a stranger to the tenant had a lien on the property.

In cases between a landlord and tenant, and grantor and grantee, there is an actual, and in cases between an heir and executor a legal, mutuality. Here the parties are strangers, and no considerations founded on mutual relations arise. The case of *Pemberton* v. *King*, 2 Dev. 376, is in point; and the fact that in the case at bar the fixtures were put in by a tenant, and not by the owner of the freehold, creates no legal distinction, on the facts here in evidence, between this case and *Oves.* v. *Oglesby*, 7 Watts, 106, and *Rice* v. *Adams*, 4 Harr. 332. " The facility with which fixtures, although essentially part of the real estate, may be made subject to the rights of removal, to meet special exigencies," says Judge Hare, in his able review of the cases, *Elwes* v. *Mawe, supra*, " is one of their most valuable incidents, and must necessarily be sacrificed by any view of the law which assumes that they are personal property for all purposes because certain persons are entitled to act as if such was their character."

The judgment was for the party who was entitled to it, and, irrespective of any question as to whether the property was subject to a mechanic's lien, should be affirmed. It will be so ordered. All the judges concur.