## CASS CHAPMAN

### v.

## THE UNION MUTUAL LIFE INSURANCE COMPANY.

1. FIXTURES—RULES.—In determining whether articles attached or accessory to the use of a building are fixtures, great weight should be given to the actual or presumed intention of the parties in erecting the structure claimed to be a fixture, and such intention may be inferred not merely from the manner in which the improvement is attached to the realty, but from its surroundings, its uses, and the purposes for which it was made. Chattels become real when they are annexed to the freehold under circumstances indicating that they were intended as a permanent annexation.

2. CHURCH ORGAN.—In this case, the structure, architectural design and embellishments of the church clearly indicate that the organ was considered as a necessary and integral part of the building itself, and show an intention on the part of the society that the annexation should be permanent.

3. SETTEES—CHANDELIERS, ETC.—The settees used by the society in its Sabbath-school exercises, not in any way permanently attached to the building, and the chandeliers attached to the gas fixtures, are not fixtures, so as to pass as a part of the realty.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed May 2, 1879.

Mr. F. A. WOODBURY, for appellant; that articles being originally chattels, the burden of proof is upon the party claiming the contrary to show that they have ceased to be chattels, cited Ewell on Fixtures, 32; Selwyn's Nisi Prius, 1058; Arnold v. Crowder, 81 Ill. 56.

Gas fixtures are chattels personal: Rogers et al. v. Coon, 40 Mo. 91; Vaughn v. Holdeman, 33 Pa. St. 522; Montague v. Dent, 10 Rich. 135.

The settees are not fixtures: Hunt v. Bullock, 23 Ill, 258; Rogers et al. v. Crow, 40 Mo. 91.

To change a chattel into a fixture, there must be actual annexation, application to the use and purpose of that portion of the realty with which it is connected, and an intention to make the annexation permanent: Teaf v. Hewitt, 10 Ohio St. 511; Swift v. Thompson, 9 Cal. 63; Murdock v. Gifford, 18 H.

S. 28; Henry v. Smith, 1 Barb. 372; Vanderpool v. VanAllen, 10 Barb. 157; Godard v. Gould, 14 Barb. 662; Voorhies v. McGinnis, 46 Barb. 242; Childers v. Wright, 2 Cold. 850; Fullham v. Stearns, 30 Vt. 443; Bartlett v. Wood, 32 Vt. 372.

It must be such an annexation that if removed it would leave the principal structure incomplete and unfit for use, and would not itself be equally useful elsewhere: Beardsley v. Ontario Bank, 31 Barb. 682; Rogers et al. v. Crow, 40 Mo. 91.

The fact that the organ is so large that it must be taken down to remove it does not affect its character: Park v. Baker, 7 Allen, 187.

Because convenient or necessary to the use of the church does not make it a fixture: Hunt v. Bullock, 23 Ill. 325; Larry v. Gelbanny, 36 Mo. 320; Sturges v. Warner, 11 Vt. 433; Toffle v. Warreck, 8 Blackf. 111; Wade v. Johnson, 25 Ga. 33; Crenshaw v. Johnson, 8 Hen. & M. 22; Hancock v. Jordan, Ala. 498.

Mr. ROBERT B. KENDALL and Mr. E. R. BLISS, for appellee; that where the contest is between an execution creditor of the mortgagor and the mortgagee, it will be considered the same as if between mortgagor and mortgagee, cited Winslow v. Mer. Ins. Co. 4 Met. 310; Robinson v. Preswick, 3 Edw. Ch. 246; Main v. Schwarzwaelder, 4 E. D. Smith, 274; Strickland v. Parker, 54 Me. 264; Powell v. Munson, 3 Mason, 459.

And the rule is more favorable to a mortgagee than to a grantee: Longstaff v. Meagoe, 2 Adolph. & El. 167; Lathrop v. Blake, 3 Foster, 46.

The general rule is that all fixtures actually or constructively annexed to the freehold, pass to the mortgagee: Ewell on Fixtures, 275; Farmers Loan and Trust Co. v. St. Jo. R'y Co. 3 Dillon, 412; ex parte Barclay, 10 Eng. Rep. 601.

The rule is otherwise as between landlord and tenant, and as to trade fixtures: Place v. Fagg, 4 Man. & Ry, 277; Winn v. Ingleby, 5 Barn. & Ald. 625; Rice v. Adams, 4 Harr. 332; Green v. Phillips, 26 Gratt. 752.

As to what will constitute a fixture: Teaff v. Hewitt, 10 Ohio St. 511; Hill v. Wentworth, 28 Vt. 428; Lacey v. Gibbony, 36

Mo. 220; Dubois v. Kelley, 10 Barb. 496; Strickland v. Parker, 54 Me. 263; Parsons v. Copeland, 38 Me. 537.

Conveyance of the freehold with appurtenances carries with it all the essential parts: Farrar v. Steckpole, 6 Me. 154; Lathrop v. Blake, 23 N. H. 46; Voorhis v. Freeman, 2 W. & S. 116; Hoskin v. Woodward, 45 Pa. St. 42; Baldwin v. Walker, 21 Conn. 168.

The doctrine of physical annexation is expressly repudiated in some cases: Hill v. Sewald, 53 Pa. St. 271; Meigs' App'l, 62 Pa. St. 28; Patterson v. Del. Co. 70 Pa. St. 28; Gray v. Holdship, 17 S. & R. 413; Bryan v. Lawrence, 5 Jones L. 337; Latham v. Blakely, 70 N. C. 368; Hoyle v. Plattsburg R. R. Co. 51 Barb. 62; Palmer v. Forbes, 23 Ill. 301; Hunt v. Bullock, 23 Ill. 325.

Adaptation and necessity are distinguishing elements: Millikin v. Armstrong, 17 Ind. 456; Craine v. Brigham, 3 Stock, 29; Brennan v. Whitaker, 15 Ohio St. 446; Quimby v. M. C. & P. Co. 24 N. J. 260; Capun v. Peckham, 35 Conn. 88; Alvin Co. v. Gleason, 36 Conn. 87; 1 Jones on Mortgages, § 429; Reg. v. Lee, 1 Law Rep. 241.

Intention of the parties is of great importance: Dooley v. Crist, 25 Ill. 551; Kelley v. Austin, 46 Ill. 156; Ogden v. Stock, 34 Ill. 522; Smith v. Moore, 26 Ill. 393; Bishop v. Bishop, 11 N. Y. 123.

In cases of constructive annexation the article must be appropriate, and such as if removed would leave the principal thing incomplete and unfit for use: Snedeker v. Warring, 12 N. Y. 170; Wadleigh v. Janvrin, 41 N. H. 503; Strickland v. Parker, 54 Me. 263; Rogers v. Crow, 40 Mo. 91; Deyncourt v. Gregory, 3 Law & Eq. R. 382; Boon v. Orr, 4 G. Greene, 304; Seymour v. Watson, 5 Blackf. 555; Mitchell v. Billigsly, 17 Ala. 391; Beardsley v. Ontario Bank, 31 Barb. 632; Ogden v. Stock, 34 Ill. 522.

As to what have been held to be fixtures: Hannowels v. Eastwood, 5 Exch. 295; Walmsby v. Milen, 7 C. B. 15; Lathrop v. Blake, 3 Foster, 46; Dispatch Line v. Bellamy Co. 12 N. H. 233; Palmer v. Forbes, 23 Ill. 301; Hunt v. Bullock, 23 Ill. 325; Titus v. Ginheimer, 27 Ill. 426; Far. Loan and

Trust Co. v. Hendrickson, 25 Barb. 484; State v. Nor. R. R. Co. 18 Mo. 193; P. W. & B. R. R. Co. v. Woelpper, 64 Pa. St. 366; Snedeker v. Warring, 12 N. Y. 160; Deyncourt v. Gregory, 3 Law & Eq. 382; Titus v. Mabee, 25 Ill. 257.

The settees and gas fixtures are a part of the building: Johnson v. Wiseman, 3 Met. 360; Stocks v. Booth, 1 Term R. 430; Kellogg v. Dickinson, 18 Vt. 266; First Baptist Soc. v. Grant, 59 Me. 245; Baptist Soc. v. Wetherell, 3 Paige, 296.

BAILEY, J. In this case appellee filed its bill in chancery in the Superior Court of Cook county, to enjoin the sale on execution of certain property belonging to the Trustees of the Michigan Avenue Baptist Church, on which appellee claims a prior lien by virtue of a deed of trust. The bill alleges, in substance, that said trustees executed a deed of trust to one Edward Sercomb, as trustee, to secure the payment to appellee of a note for $53,000, conveying their church edifice and the land on which the same stands, together with the fixtures in said church. It is claimed by the bill that under the designation of fixtures the church organ, carpet, reading desk, pulpit chairs, chandeliers, settees, pew cushions, hall lamps, window blinds, furnaces and heating apparatus, were conveyed to the trustee, it being alleged that all of said articles of property are permanent fixtures, annexed to the realty or freehold, and intended as permanent accessories thereto. It is further alleged, that subsequent to the execution of the deed of trust, appellant recovered against said trustees a judgment for $1,416 and costs; that an execution had been issued upon said judgment and placed in the hands of the sheriff of Cook county, who had levied upon the property above enumerated, and was threatening to sell the same to satisfy said judgment. The cause was heard in the court below on bill, answer, replication and proofs, and a decree rendered, finding that the organ, gas fixtures, hall lamps and globes, settees, furnaces, registers and heating apparatus, were fixtures and attached to the realty, and that the lien of said judgment thereon was subordinate to the lien of said deed of trust, and perpetually enjoining the defendants from selling, removing, or otherwise disposing of, or interfering with, said property.

Appellant, in his argument, expressly disclaims the right to hold, under his execution, the reading-desk, chandeliers, furnaces and registers. The only questions remaining are, whether at the time of the execution of the deed of trust, the settees, hall lamps and organ were so attached to the realty as to pass by the conveyance to the trustee, under the designation of fixtures.

The settees in question were those in use in the Sunday school rooms of the church, and were ordinary movable settees, not attached to the floor, a portion being half the length of the others, so as to be conveniently arranged in rectangular form for the use of the Sunday school classes. We are unable to perceive upon what principle furniture of this character could be held to constitute a part of the realty. There was an entire absence of physical annexation, either actual or constructive. It in no way differed in this respect from the ordinary movable furniture of a building. It is true, the apartments thus furnished could not be used for the purposes for which they were designed without the settees or other similar conveniences. The same may be said of every other unfurnished building. But the fact that furniture is indispensable to the proper uses of the building does not make the furniture so far a permanent accessory thereto as to impress upon it the character of a fixture.

The evidence shows that the hall lamps were gas-fixtures, attached to the building in the usual way. We are referred to several adjudged cases arising between vendor and vendee, in which it is held that gas chandeliers, lamps, brackets, etc., thus attached to the realty, are not fixtures so as to pass to the grantee under a conveyance, sheriff's sale, or mortgage foreclosure. Rogers et al. v. Crow et al. 40 Mo. 91; Vaughen v. Haldeman, 35 Penn. Stat. 522; Montague v. Dent, 10 Rich. (Law) 135. We are inclined to adopt the rule laid down in these cases, and to hold that the hall lamps were not a part of the realty.

Whether the organ is a fixture presents a question of much greater doubt and difficulty. The evidence shows that in the construction of the building an area was formed back of

the pulpit, and elevated about two feet above it, embracing the choir gallery, baptistry, and what some of the witnesses term the organ loft. The organ stands in the center of a recess formed by an arch, the arch being forty feet broad, sixty feet high, and seven feet deep. The organ itself is a structure nineteen feet wide, eleven feet deep, and twenty-two feet high. It seems to have been planned and fashioned expressly for this church, and was built in Boston and sent to Chicago and set up in the church. In style and finish it is in harmony with the other portions of the interior of the building, so that the pulpit, choir gallery, baptistry, organ loft and organ, all constitute parts of one architectural design, of which, in the language of one of the witnesses, an architect of many years' experience, the organ is the crowning feature of the whole system of decoration. Behind it is a ventilating shaft, projecting some distance into the church, and there is evidence in the record tending to show that if the organ were removed, a bare and unsightly wall would be exposed, which, in order to be made presentable, would require further and elaborate decoration. The only physical attachment of the organ to the building is by means of its own weight, except that it is fastened to the floor by two ten-penny nails.

It would seem that, under these circumstances, the organ, when placed in the church, was intended to be, and did in fact become a permanent accessory to the building. It did not take upon itself the character of a mere piece of furniture in the building, but in structure, design, and finish, it became an essential part of the building itself. Without it the church would be not only unfurnished, but incomplete.

It is true, the authorities in relation to fixtures are far from being harmonious, and it would be futile to attempt to reconcile them, or to deduce any rule which would not be in at least apparent conflict with decisions of courts of respectable authority. In some cases it is held that chattels should not be regarded as fixtures unless so far incorporated with the structure as to form a part which cannot be severed without injuring the structure itself. In many other cases, however, articles of property are held to be fixtures where there is no actual physical annexation

or attachment to the realty.   In cases of doubt, great weight must be given to the actual or presumed intention of the parties erecting the structure claimed to be a fixture.   Dooley v. Crist, 25 Ill. 551; Kelly v. Austin, 46 Id. 156; Ogden v. Stock, 34 Id. 522.   The intention may be inferred, not merely from the manner in which the improvement is attached to the realty, but from its surroundings, its uses, and the purposes for which it was made.   Thus, a statue erected as an ornament to grounds may be a part of the realty, although not fastened to the base on which it rests, and capable of removal without fracture. Snedeker v. Warring, 12 N. Y. 170.   The same is true of wooden buildings resting by their own weight upon permanent foundations.   The Supreme Court of Connecticut, in The Alvord Carriage Manufacturing Co. v. Gleason, 36 Conn. 86, lays down the rule as follows:

" Chattels become real estate when they are annexed to the freehold under such circumstances that it clearly appears from an inspection of the property itself, taking into consideration the character of the annexation, the nature and adaptation of the articles annexed to the uses and purposes of the freehold at the time the annexation was made, and the relation of the party making it to the freehold in question, that a permanent accession to the freehold was intended to be made by the annexation."

Under this rule, which we think is a sound one, it can scarcely be doubted that the organ in question was a part of the realty. The structure, architectural design and embellishments of the building, comprehended the organ as a necessary and integral part.   The building and organ were so far adapted to each other as to furnish conclusive evidence of an intention on the part of the society that the annexation should be permanent.   In Rogers v. Crow, 40 Mo. 91, a state of facts very nearly identical with the case at bar was presented, and the court, in a well-considered opinion, held the church organ in that case to be a part of the realty.

The decree will be reversed and the cause remanded, with instructions to the court below to modify the decree only in so far as it relates to the settees and hall lamps in question, in accordance with this opinion.

                                        Decree reversed.