Small v. Sandall.

MARY A. SMALL ET AL. V. C. M. SANDALL.*

FILED JUNE 18, 1895.   No. 5887.

Review: JOINT ASSIGNMENTS OF ERROR: PRACTICE. A joint as-
signment of errors in a petition in error made by two or more
persons which is not good as to all who joined therein will be
overruled as to all. *Gordon v. Little*, 41 Neb., 250, followed.

ERROR from the district court of York county. Tried
below before WHEELER, J.

*George W. Bemis,* for plaintiffs in error.

*Harlan & Harlan, contra.*

NORVAL, C. J.

The defendant in error, C. M. Sandall, brought this ac-
tion before a justice of the peace against Mary A. Small,
one of the plaintiffs in error, to recover $5 on an account
alleged to have been assigned to plaintiff by one Froid.
The bill of particulars was in the usual form, and defend-
ant answered by a general denial.   The plaintiff having
recovered a judgment for the full amount of his claim, the
defendant prosecuted an appeal to the district court, where
judgment was again rendered against her and one J. M.
Bell, the other plaintiff in error, who was the surety on the
appeal undertaking, for the sum of $5.19, and cost of the
action.   The cause is brought to this court to obtain a re-
view of the judgment by petition in error, Small and Bell
joining in the assignment of errors, there being ten in
number.   The first is based upon the decision of the court
in striking out certain paragraphs of the answer.   The next
four assignments relate to the refusal of the court to give
certain instructions requested by Mrs. Small.   The sixth

*A rehearing has been allowed.

and seventh relate to the sufficiency of the evidence to support the verdict. Eighth, the verdict is contrary to law. Ninth, the court erred in overruling the motion for a new trial. Tenth, the court erred in rendering a joint judgment against Mrs. Small and J. M. Bell, her bondsman.

It is obvious that Mr. Bell cannot have reviewed any of the alleged errors covered by the first nine assignments, since he did not except to any of the rulings therein complained of, nor did he join in the motion for a new trial, nor did he except to the overruling of the same. It is equally clear that Mrs. Small is not in a position to complain because judgment was rendered against her surety on the appeal bond. He alone could question the authority of the court to render a judgment against him in this action. The errors pointed out in the petition in error do not affect Mrs. Small and Mr. Bell jointly, but severally; therefore, the several assignments not being well taken as to each, must be denied as to both. (*Gordon v. Little*, 41 Neb., 250.)

JUDGMENT AFFIRMED.