. JOHN A. FULLER ET AL. V. BROWNELL & COMPANY.

FILED APRIL 21, 1896.    No. 6488.

1. **Replevin:** TITLE OF THIRD PERSON. It is a good defense to an action in replevin to prove title and right of possession in a third person.

2. **Chattel Mortgages:** FAILURE TO REGISTER. A chattel mortgage is good between the parties thereto, and all others, except creditors of the mortgagor or subsequent purchasers and mortgagees in good faith, though not filed as required by statute.

3. ———: CONSIDERATION. Extension of time for the payment of a debt is a sufficient consideration for a chattel mortgage given by the debtor to secure such indebtedness.

4. **Res Judicata:** PARTIES. A judgment is binding upon the parties thereto and their privies, as to the issues adjudicated.

5. **Landlord and Tenant:** REMOVAL OF TRADE-FIXTURES. In the absence of an agreement or consent of the landlord, a tenant cannot remove trade-fixtures after the expiration of the tenancy, or after the tenant has surrendered possession. (*Friedlander v. Ryder*, 30 Neb., 783.)

6. **Chattel Mortgages:** REMOVAL OF FIXTURES. A chattel mortgagee has no greater rights than a tenant to remove mortgaged fixtures after the tenant has quit possession. *Free v. Stuart*, 39 Neb., 220, followed.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*B. N. Robertson*, for plaintiffs in error.

*Lane & Murdock*, contra.

NORVAL, J.

This was an action of replevin by Brownell & Co. against John A. Fuller and Daniel W. Smith to obtain possession of a portable engine and boiler and the appliances connected therewith. The jury, under the direction of the trial judge, returned a verdict finding that the plaintiff, at the commencement of the action, had the right of possession in the property and a special interest

14

therein for the sum of $899.47, and assessing the damages for the unlawful detention at fifty cents against each defendant. From a judgment rendered on the verdict a joint petition in error is prosecuted by the defendants.

One J. A. Silver and the defendant Smith, from November, 1889, until July 12 of the following year, were partners engaged in running a planing mill at South Omaha, under the name and style of Silver & Smith. The building in which the business was conducted was leased from the defendant Fuller, the owner thereof. During the existence of said partnership, plaintiff sold to the firm the property in controversy, and notes of Silver & Smith were taken for part of the purchase price. These notes not having been paid at maturity, on June 20, 1890, the firm executed to plaintiff two renewal notes aggregating $899.45, due in ninety days, and also verbally promised to give a lien on the property in dispute as security for the payment of the indebtedness. Accordingly, on the 8th day of July, 1890, to secure said notes, J. A. Silver, for and on behalf of the partnership, and in the name of the firm, executed and delivered a written mortgage to the plaintiff upon said chattels. Shortly thereafter the firm of Silver & Smith was dissolved, the latter retiring therefrom and the former taking the assets and agreeing to pay the partnership liabilities. After the maturity of the mortgage, plaintiff instituted this action to recover the property, claiming a special interest therein under and by virtue of said mortgage. It was established upon the trial that the mortgage debt remained wholly unpaid, and that the conditions of the mortgage were broken. Plaintiff, therefore, showed such an interest as entitled it to the immediate possession of the property, as against the defendants, unless they proved a superior title in themselves, or one of them, or in a third person. The verdict is not contrary to the evidence, since defendants did not establish any one of these things upon the trial, although they offered evidence along that line, which was excluded by the trial judge.

Complaint is made of the rulings upon the admission and exclusion of testimony. It is insisted by the plaintiff that they cannot be reviewed, since the defendants joined in the motion for a new trial and the petition in error, and the judgment being right as to one, must be affirmed as to both. It has been repeatedly decided that a joint assignment of errors by two or more parties to a suit in a petition in error, or a motion for a new trial, will be denied as to all unless it can properly be sustained as to all joining therein. (*Long v. Clapp*, 15 Neb., 417; *Real v. Hollister*, 17 Neb., 661; *Boldt v. Budwig*, 19 Neb., 739; *Scott v. Chope*, 33 Neb., 41; *Gordon v. Little*, 41 Neb., 250; *Small v. Sandall*, 45 Neb., 306.) The defendants do not question the soundness of the doctrine stated, but they deny the application to this case. The plaintiff claims that defendant Smith has no standing in this court, and the judgment as to him was proper, because he never made the slightest endeavor to establish a fact tending to show that he was entitled to the possession of said machinery, as owner or otherwise. While it is true no attempt was made to prove title or right of possession in Smith, yet he did tender testimony to show right of property and right of possession in the chattels in controversy in his co-defendant, Fuller, at the commencement of the suit. Proving title and right of possession in a third person is a good defense to an action of replevin. Plaintiff must recover on the strength of his own title. (Cobbey, Replevin, secs. 784, 785; *Sutro v. Hoile*, 2 Neb., 186.) Any testimony tending to establish a defense for Fuller was available to Smith. The rulings upon the trial, therefore, affected both alike, and both properly joined in the assignments of error in this court, as well as in the court below.

Over the objections of the defendants, plaintiff introduced in evidence the chattel mortgage through and by which it claims the property replevied, and this ruling is assigned for error. It is urged that it was inadmissible, as it was not proven that the instrument was ever filed in

the office of the county clerk, or that Fuller had notice
of the mortgage when he took possession. While the
mortgage was put in evidence, the certificate of the
county clerk indorsed thereon showing the filing of the
paper was neither received nor offered in evidence. With-
out such filing the mortgage was good between the par-
ties and to all others, except creditors of the mortgagor,
or subsequent good faith purchasers and mortgagees.
(Compiled Statutes, ch. 32, sec. 14; *Ransom v. Schmela*, 13
Neb., 76; *Sanford v. Munford*, 31 Neb., 792.) It is not
shown that either of these defendants was a creditor,
mortgagor, or purchaser of the property, hence proof that
the mortgage was duly filed was unnecessary to its
validity.

It is urged that no consideration was shown for the
execution of the mortgage. This objection is not well
taken. It is undisputed that the notes secured by the
mortgage were renewals of others given by the firm of
Silver & Smith for the purchase price of the property
mortgaged, which notes had matured; that at the time
such renewals were taken, plaintiff demanded that they
be secured upon the machinery in question; that such
security was promised, and that subsequently, in pursu-
ance of this arrangement, the mortgage was executed.
There was an extension of the time for the payment of
the debt, which was a sufficient consideration for the
mortgage. (*Westheimer v. Phillips*, 11 Neb., 62.)

The judgment, pleadings, and files in a case tried in
the district court of Douglas county, entitled J. A. Fuller
v. John A. Silver, which was an action in replevin to ob-
tain the property involved in this case, were introduced
in evidence and treated by the court as constituting an
estoppel. While the issues in the two actions were the
same, the parties were different, with the exception that
Fuller was a party to both suits. Moreover, the question
of title to the property was not passed upon or adjudi-
cated in the case wherein the judgment rendered was
introduced. The verdict of the jury in Fuller v. Silver is

as follows: "We, the jury, duly impaneled and sworn to try the issue joined between the parties, do find for said defendant, and assess his damages at ten dollars." And the judgment rendered thereon is as follows: "It is therefore considered, ordered, and adjudged by the court that the defendant, J. A. Silver, go hence without day and have and recover of and from J. A. Fuller, plaintiff herein, the sum of ten dollars, his damages as by the verdict of the jury assessed, and costs herein expended at —— dollars, and execution is awarded therefor." Section 191 of the Code of Civil Procedure provides: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment for the defendant." It was disclosed that in the suit of Fuller v. Silver the property had been taken under the writ, and possession thereof delivered to the plaintiff. Therefore, the jury, under the section quoted, should have found whether the right of property or the right of possession only was in the defendant; but this the jury failed to do. The verdict and judgment are silent as to the ownership of the property, and that question not having been adjudicated in that court, it is not conclusive upon that issue here. We do not say that the judgment and pleadings were inadmissible as evidence, in view of the fact that it was shown that Fuller put in evidence on the trial of that action the mortgage in controversy here. What we do hold is that the judgment was not an adjudication against Fuller upon his claim of title to the property.

There was no error in allowing to go in evidence the contract entered into between Silver containing the terms of the dissolution of the partnership theretofore existing between Silver & Smith. By this agreement,

Smith turned over the assets of the firm, including the property in dispute, to Silver, who agreed to pay the indebtedness of the firm. This contract was therefore competent evidence, as tending to show that Smith had parted with all his right and title in and to the mortgaged chattels.

The following offer of testimony made by the defendants was excluded from the jury, as being irrelevant, immaterial, and incompetent: "That on or about the 15th day of March, 1890, the said firm of Silver & Smith placed on the premises described in Exhibit C [which was a lease from Fuller for his building] an engine and boiler, and that said engine and boiler were placed there and became what is known in law as 'trade-fixtures;' that shortly after the expiration of the lease—Exhibit C—the defendant Fuller took possession of the premises, with the trade-fixtures, under an agreement with the witness Smith, and said possession was taken on or about the 5th day of July, 1890; that possession of the premises was surrendered to the defendant Fuller by the witness Smith not later than said date, under an agreement between Fuller and Smith that Fuller should take the premises, with the trade-fixtures thereon, and get out of it what rent was coming to him for the use of the premises." This testimony should not have been excluded, as it tended to show that the chattels in controversy had been pledged prior to date of the plaintiff's mortgage, by one of the members of the firm of Silver & Smith, to Fuller as security for a partnership indebtedness, and further, it tended to establish that the lease had been surrendered to Fuller, the landlord, before the mortgage was executed. If the engine and boiler were trade-fixtures and were left in Fuller's building at the time the tenancy ceased, neither the tenants nor their mortgagee had the right afterwards to remove them, in the absence of an agreement or consent of the landlord to do so. (*Friedlander v. Ryder*, 30 Neb., 783; *Free v. Stuart*, 39 Neb., 220.) The excluded testimony was competent as tending to establish a defense in

this action.    Whether the machinery was placed in Fuller's building, or in a public alley joining his premises, was a question of fact for the jury to determine from the evidence.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.