(June 13, 1906.)

## ELLEN L. BUSH, Appellant, v. C. C. HAVIRD, Sheriff, et al., Respondents.

[86 Pac. 529.]

LANDLORD AND TENANT—TRADE FIXTURES—RIGHT OF REMOVAL BY
TENANT—WHEN MAY REMOVE—RIGHTS OF MORTGAGEE OF FIXTURES.

1. Property consisting of front and back bar, ice-chest, etc., placed in a saloon building by a lessee and· fastened to the wall and floor, constitutes trade fixtures, and may be removed by the tenant during the continuance of his term.

2. Trade fixtures must be removed by the tenant prior to his surrender of possession to the landlord, and if not so done, and there is no agreement to the contrary, the right of the tenant to re-enter the premises and sever the fixtures from the realty and remove them will be deemed lost and abandoned.

3. The mortgagee of trade fixtures acquires no greater rights in and to the property than those enjoyed by the tenant, and when the tenant's right to re-enter and sever and remove fixtures has ceased, the rights of the mortgagee also cease.

(Syllabus by the court.)

APPEAL from District Court of the Third Judicial District for Ada County. Hon. George H. Stewart, Judge.

Action by plaintiff to recover damages for the wrongful and unlawful severing and removal of certain fixtures from a building owned by plaintiff. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

Hawley, Puckett & Hawley, for Appellant.

The term "bar-room fixtures" means fixtures in a barroom, and when the word "fixtures" is used in such connection it means something affixed to the realty. (*Hogard v. California Ins. Co.* (Cal.), 11 Pac. 594, 598.)

Bar fixtures placed in a saloon are not removable by the saloon-keeper at the termination of his lease. (*O'Brien v.*

*Kusterer,* 27 Mich. 289.) Electric light fixtures are a part of the realty. (*Canning v. Owen,* 22 R. I. 624, 84 Am. St. Rep. 858, 48 Atl. 1033; *Flint etc. Mfg. Co. v. Douglass Sugar Co.,* 54 Kan. 455, 38 Pac. 566.)

A fixture put in by a tenant, and which he has a right to remove during his term, cannot ordinarily be removed afterward, or after he surrenders possession after the expiration of his lease. The removal must be made before the termination or not at all. (*Stockwell v. Marks,* 17 Me. 455, 35 Am. Dec. 266; *Bliss v. Whitney,* 9 Allen, 115, 85 Am. Dec. 745; *Keogh v. Daniel,* 12 Wis. 163; *Joslyn v. McCabe,* 46 Wis. 591, 1 N. W. 174; *Watriss v. First Nat. Bank,* 124 Mass. 571, 26 Am. Rep. 694.)

The tenant's right of removal must be exercised during the term, or before he surrenders possession, or he cannot exercise it. (13 Am. & Eng. Ency. of Law, 648 et seq., and cases cited; *Preston v. Briggs,* 16 Vt. 125.)

The mortgagee can acquire no greater rights, and has no other rights so far as the removal of fixtures is concerned, than has the tenant under whom he claims. (13 Am. & Eng. Ency. of Law, 653; *Free v. Stewart,* 39 Neb. 220, 57 N. W. 991; *Fuller v. Brownell,* 48 Neb. 145, 67 N. W. 6.)

Karl Paine, for Respondents.

The record shows that none of the articles were fixtures. It was stipulated that the front bar, back bar, iron rail and chandeliers were attached to the building belonging to appellant, but they were not affixed thereto. By subdivision 2 of section 2825 of the Revised Statutes, that which is affixed to land is real estate. A chattel must be affixed to real estate before it will become a fixture. (19 Cyc. 1035, note 3.) That fixtures should be considered real property until severed seems clear upon principle, and the weight of authority is to that effect, though there are respectable authorities to the contrary. (13 Am. & Eng. Ency. of Law, 2d ed., 641.)

Each article, the seizing of which appellant complains, was attached to the building to that extent only that was neces-

sary to its advantageous use; neither the building nor the articles suffered appreciable injury by being removed. That articles that are attached to realty under similar circumstances are personal property, see the following decisions from the supreme court of Washington: *Sherick v. Cotter,* 28 Wash. 25, 92 Am. St. Rep. 821, 68 · Pac. 172; *Neufelder v. Third St. & S. Ry.,* 23 Wash. 470, 83 Am. St. Rep. 831, 63 Pac. 197, 53 L. R. A. 600; *Hall v. Law Guarantee & Trust Soc.,* 22 Wash. 305, 79 Am. St. Rep. 935, 60 Pac. 643; *Philadelphia Mortgage & Trust Co. v. Miller,* 20 Wash. 607, 72 Am. St. Rep. 138, 56 Pac. 382, 44 L. R. A. 559; *German Sav. & Loan Soc. v. Weber,* 16 Wash. 95, 47 Pac. 224, 38 L. R. A. 267; *Washington Nat. Bank of Seattle v. Smith,* 15 Wash. 160, 45 Pac. 736; *Chase v. Tacoma Box Co.,* 11 Wash. 377, 39 Pac. 639; *Cherry v. Arthur,* 5 Wash. 787, 32 Pac. 744; *Bergh v. Herring-Hall-Marvin Safe Co.,* 136 Fed. 368, 69 C. C. A. 212, 70 L.· R. A. 756; *Chapman v. Union Mutual Life Ins. Co.,* 4 Ill. App. 29.

The chandeliers were personalty according to a large majority of the decisions. (13 Am. & Eng. Ency. of Law, 2d ed., 666, note 2; 19 Cyc. 1060, note 21; *Hall v. Law Guarantee & Trust Soc., supra; Chapman v. Union Mutual Life Ins. Co., supra; Condit v. Goodwin,* 89 N. Y. Supp. 827, 44 Misc. Rep. 213.)

An agreement or an intention that the chattel shall remain personalty may be implied from the circumstances under which the chattel is bought and affixed, as from a conditional sale, from a lease of a chattel, or from a chattel mortgage by the buyer to the seller, prior to and in some states subsequent to the annexation. (19 Cyc. 1048, 1049; *Bernheimer v. Adams,* 75 N. Y. Supp. 93, 70 App. Div. 114; *Ames v. Trenton Brewing Co.,* 56 N. J. Eq. 309, 38 Atl. 858.)

In determining whether a thing is a fixture or not, the relation of the parties must be considered. (*Bingham Co. etc. Assn. v. Rogers,* 7 Idaho, 65, 59 Pac. 31.)

Trade fixtures that do not fall within the category known as "real estate fixtures" will be treated as personalty, pro-

vided the lessee is authorized to remove them at the end of his term.    (19 Cyc. 1067.)

AILSHIE, J.—In this case the lessees of a saloon building in Boise City placed the usual bar fixtures, ice-chest, etc., in the building, attaching them to the same with screws, and also put in electric chandeliers and linoleum on the floor, and such other fixtures as are usually found in such places.  Some time afterward the tenant executed to one Poole a chattel mortgage on all this property as security for the payment of a promissory note in the sum of $300.   The mortgage was executed on the eighteenth day of February, 1905.   The tenant neglected and refused to pay his rent as provided for in the lease, and on the thirteenth day of June, 1905, the landlord, the plaintiff in this case, commenced an action for the sum of $85 rent due, and for treble damages for detention of the premises and for restitution thereof.   The trial resulted in a judgment in favor of the plaintiff for rent and treble damages and the restitution of the premises, and on the seventeenth day of June, 1905, the sheriff evicted the tenant and placed the plaintiff in possession.   The tenant does not appear to have claimed, or sought to remove, any of the fixtures he had placed in the building, nor did the sheriff remove them, nor does any demand appear to have ever been made for them by the tenant.   On the first day of May, 1905, the mortgagee, Poole, sold and assigned his note and mortgage to the defendants, B. H. Coleman & Company, and on the fifth day of July, Coleman & Company commenced proceedings before the sheriff for the foreclosure of their mortgage upon the fixtures.   The sheriff duly and regularly served notice of the foreclosure proceedings, and on the eighth day of July, 1905, demanded of the plaintiff the possession of the property described in the mortgage, and that she deliver to him the key to the premises that he might remove the property therefrom.   The plaintiff refused to deliver up possession of the property or to surrender the key to the premises, and the sheriff thereupon, under direction of the owners

and holders of the mortgage, broke open and forcibly entered the building and removed all of the property therefrom.

The present case was commenced by the landlord against the sheriff and the assignees of the mortgage to recover judgment against them for the value of the property forcibly removed by them from the saloon building after the expiration of the term of the tenant and after his eviction under judgment and process from the proper court. The property removed by the sheriff from the saloon building under the foreclosure proceedings was, undoubtedly, "trade fixtures," except the curtain, which was a mere piece of personal property. (Bronson on Fixtures, sec. 33b, pp. 186-189; 19 Cyc. 1065; 13 Am. & Eng. Ency. of Law, 2d ed., 642.) Being that class of property commonly known and designated as trade fixtures, and being common to and used in the saloon business, the tenant was entitled to remove it at any time prior to the termination of his tenancy. Section 2882, Revised Statutes, provides as follows: "A tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for the purposes of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises." This statute clearly provides that the tenant may remove such fixtures during the continuance of his term, and is equally an implied prohibition against a removal at any time after the expiration of the term. It is the rule, however, even in the absence of a statute, by an almost unbroken line of authorities, that trade fixtures must be removed by the tenant prior to his surrender of possession to the landlord, and that if he fails to do so, and there is no agreement to the contrary, the right of the tenant to sever the property from the realty will be lost by him. (Taylor on Landlord and Tenant, 9th ed., sec. 551; Wood on Landlord and Tenant, 2d ed., sec. 529; note to *Holmes v. Tremper*, 11 Am. Dec. 241; *Merritt v. Judd*, 14 Cal. 60. See discussion in *Brown v. Reno Elec. Light & Power Co.*, 55 Fed. 229.)

In the case at bar it is clear to us, as above stated, that the property was "trade fixtures" such as the tenant might remove at any time prior to the surrender of possession. It is equally clear that when he surrendered up the possession—or, as in this case, having committed a breach of the lease and refused to surrender possession, the landlord securing his eviction by legal process, and the tenant not taking with him the property that he was entitled to remove during his term, and having made no claim or demand for the property at the time—he lost his right to sever the same and remove it, as well as lost the right to re-enter the premises for such purpose or any other purpose. The only further question left for our determination is: Did the mortgagee or his assignees acquire any greater or superior rights to those of the tenant or mortgagor? We think there can be but one answer to that question. When the mortgagee took a mortgage on this property he took it subject to all the restrictions placed by law upon the tenant, who was the mortgagor, and he could acquire no rights greater than or superior to those of his mortgagor. (*Sweet v. Myers*, 3 S. Dak. 324, 53 N. W. 187; *Free v. Stuart*, 39 Neb. 220, 57 N. W. 991; *Fuller v. Brownell*, 48 Neb. 145, 67 N. W. 6; *Talbot v. Whipple*, 14 Allen (Mass.), 177; 13 Am. & Eng. Ency of Law, 2d ed., 653.) When the tenant abandoned his right of removing this property and lost the possession and right to re-enter, that disability extended to his mortgagee with equal force and effect. The law will neither impose upon the landlord a duty nor necessity of either housing or taking care of the fixtures which his tenant leaves behind after his term has expired. Neither will the law permit the tenant nor anyone claiming under him, to re-enter the premises, for the reason that to do so would encourage breaches of the peace, and would in many cases hazard and impair the landlord's rights of leasing the premises to another tenant, and lessen the full and free enjoyment of those premises by such tenant.

The judgment must be reversed, and it is so ordered, and the cause is remanded to the trial court, with direction to

enter judgment in favor of plaintiff for the value of the fixtures wrongfully and unlawfully removed and converted. Costs awarded in favor of appellant.

Stockslager, C. J., and Sullivan, J., concur.

## ON PETITION FOR REHEARING.
(July 9, 1906.)

AILSHIE, J.—Counsel for respondents has filed a petition for a rehearing in which he rather bitterly laments the loss of an ice-chest by reason of our former decision. After a further examination of the transcript in the case, we are of the opinion that he should have his ice-chest. Counsel for both appellant and respondents having repeatedly referred to the front and back bars and ice-chest in the same connection and treated them in the same manner, we were led to the conclusion that they were all affixed and attached to the building in the same manner; but a further examination of the record discloses the fact that it is stipulated that the ice-chest "was not attached to either the walls or floor of said building by screws or otherwise." Without any further discussion as to the manner and method of attaching trade fixtures to a building, or the necessity for any particular kind or character of annexation in particular instances, we are content in this case to say that the ice-chest about which respondents' counsel particularly complains was a mere article of personal property the same as the chairs and tables in the saloon, and should not be classed with the front and back bar as trade fixtures, as we have heretofore designated in the original opinion. We have not regarded it necessary to go into any extended discussion as to what constitutes trade fixtures nor as to the character of property that may be treated as such, nor have we attempted to point out any inviolable rule by which to distinguish between that class of property and such as may be ordinarily treated as mere personal property. We did, however, cite authorities which treat this subject in support of the statement that the property designated in the

original opinion is that class of property known as trade fixtures.

Counsel in his petition for rehearing complains because this court has not seen fit to go into a discussion of the question as to the right of a lessee to mortgage fixtures under the law authorizing mortgages on personal property. We have not questioned his right to do so, and it is clear, both upon principle and authority, that the lessee of premises may mortgage any property that he places thereon, and which he has a right to remove. As between the mortgagor and mortgagee, it would make no difference whether he attached such property to the premises or not; the mortgagor by his own act could not convert property which he mortgaged as personalty into real estate so as to defeat the mortgage. It should be borne in mind, however—a distinction which counsel seems to have overlooked—that the lessee of the premises cannot enter into any agreement by way of mortgage or otherwise with a stranger, to which his landlord is not a party, that will in any way diminish or affect the rights of the landlord, or give to the mortgagee any rights or privileges superior to those enjoyed by the tenant. Any agreement between the tenant and a third party that certain property shall not become a fixture will not prevent it from, in fact, becoming a fixture in so far as the landlord is concerned and his rights are involved.

The original opinion herein will be modified to the extent of holding that the ice-chest described in the stipulation of facts was not a trade fixture. In other respects the original opinion will stand as the decision of the court. Costs awarded in favor of appellant.

Stockslager, C. J., and Sullivan, J., concur.