(No. 5028. November 9, 1928.)

EVANS MERCANTILE COMPANY, a Corporation, Respondent, v. F. E. LOWRY, Appellant, and CITY OF AMERICAN FALLS, a Municipal Corporation, and A. HUMPHREY, Trustee, Intervenors-Appellants.

[271 Pac. 934.]

Bissell & Bird, R. S. Anderson and A. Humphrey, for Appellant Humphrey.

Maurice M. Myers and F. M. Bistline, for Respondent.

BUDGE, J.—In 1915, L. L. Evans was the owner of lot 3, block 211, American Falls town site, when he constructed thereon and leased to the federal government a one-story brick building for the purpose of housing the postoffice. In accordance with the requirements of the lease the building was equipped with numerous items of furniture and fixtures ordinary for the use desired, and occupation and possession was begun and had thereunder. Thereafter in the same year, 1915, Evans conveyed the property to the Evans Brothers Land & Livestock Company.

The city of American Falls, in October, 1924, obtained a joint and several judgment against Evans, his son, and the

Evans Brothers Land & Livestock Company, and among the property of the latter levied upon was lot 3. A subsequent execution issued on the same judgment, and levy thereunder was made by the sheriff on the furniture, fixtures and equipment in the building, but during the *interim* the Evans Brothers Land & Livestock Company executed and delivered to plaintiff corporation a bill of sale covering the postoffice furniture and equipment, and plaintiff obtained a temporary restraining order against the sale thereof, which was made permanent after trial.

The important question here for decision is the correctness of the trial court's holding that the furniture and fixtures housed in the building sold under execution to the interested appellant are personal property and that no part of them was ever so securely or firmly attached to the ceiling, side walls or floor of the postoffice building as to become an integral part thereof or of the realty.

The fixtures installed in the building were ordinary fixtures usually found in postoffice buildings in small towns or villages. The building was not constructed with any special features peculiarly adapted for use as a postoffice, but was an ordinary brick building with a store front. There are no facts or circumstances to justify the conclusion that it was the intention to have the fixtures remain permanently in the building, and all of which would necessarily be removed when the postoffice use should cease. The fixtures were removable without material injury to the building.

We are satisfied from a careful examination of the entire record that there is sufficient competent evidence to support the judgment of the trial court. The principles of law announced in the following cases have application to the facts herein and justify the judgment entered: *Cunningham v. Von Mayes*, 190 Mo. App. 56, 182 S. W. 1059; *Beebe v. Pioneer Bank & Trust Co.*, 34 Ida. 385, 201 Pac. 717; *Boise-Payette Lumber Co. v. McCornick*, 32 Ida. 462, 186 Pac. 252; *Bush v. Havird*, 12 Ida. 352, 86 Pac. 529; *Anderson v. Creamery Co.*, 8 Ida. 200, 101 Am. St. 188, 67 Pac. 493, 56

L. R. A. 554; *Bingham Co. etc. Assn. v. Rogers,* 7 Ida. 63, 59 Pac. 931.

The judgment is affirmed. Costs to respondent, except cost of printing brief not filed within the time required.

Wm. E. Lee, C. J., and Givens, J., concur.

Taylor, J., and Hartson, D. J., dissent.