ASHLEY *v*. STODDARD, JR. & CO.

| 26 | 653 |
|----|-----|
| 65 | 18 |
| 26 | 653 |
| 84 | 343 |
| 26 | 653 |
| 81 | 333 |

BILLS OF EXCEPTIONS—*Requisites of.*—A bill of exceptions should contain those things excepted to, "which do not appear of record, and which arise in the course of the trial."

AGREED STATEMENT.—The filing of a written statement of agreed facts does not thereby become a part of the record, unless made so by order of court, or a bill of exceptions.

Where the record contains the declarations of law made by the court, but not the facts they were applied to, it will be presumed the court below decided correctly.

*Appeal from Jefferson Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*Watkins & Rose*, for appellant.

*Bell & Carlton, English, Gantt & English*, for appellees.

MCCLURE, C. J.

The record, in this case, shows that the cause was submitted to the court, sitting as a jury, upon an agreed statement of facts. The appellant and the appellees, each, asked the court to make certain declarations of law as being applicable to the facts presented. The court declared the law to be as asked by the defendants, and rendered judgment accordingly. The appellant excepted to the declaration of law; took his bill of exceptions and appealed to this court.

The bill of exceptions contains the declarations of law asked by both parties; but does not contain or recite the facts upon which the court declared the law. Now the question arises, is there any thing before this court by which it can review the decision of the court below?

The object of a bill of exceptions is to put upon the record all the facts touching the decisions of the court, respecting questions of law, which do not appear on the record, and

which arise in the course of a trial, to the end, that when the case is afterwards removed to the supervisory court, the bill of exceptions may be taken into consideration and there finally decided.

This being the sole object of a bill of exceptions, it becomes necessary to inquire what it should contain. By the definition we have given above, it should contain those things excepted to, "which do not appear of record, and which arise in the course of trial."

In *Lenox v. Pike, 2 Ark., 14;* it was held that instructions, *not copied into the bill of exceptions*, formed no part of the record. In *Pirani v. Borden, 5 Ark., 89*, it was held that the bond in a replevin suit was no part of the record unless made so by a bill of exceptions. In *Cox v. Garven, 6 Ark., 431*, it was held that a bond for costs constituted no part of the record unless made so by a bill of exceptions. In *Sawyers v. Lathrop, 9 Ark., 68*, and in *Berry v. Singer, 10 Ark., 489*, it was held that a memorandum signed by the judge is no part of the record. In the *R. E. Bank v. Rawdon, 5 Ark., 558*, this court held that, where the case was tried in the court below, on a written statement of facts made out and agreed to by the parties, this court would revise any erroneous finding of the court below; but in that case the bill of exceptions contained the agreed statement of facts together with declarations of law asked, and the only question was: whether a motion for a new trial would have to be asked and refused *before* coming to this court, and the court held that they would entertain the case on error, although no motion for a new trial had been asked. But this holding, on the latter point, was overruled in *State Bank v. Conway, 13 Ark., 344*, and several cases since. In the case of *Lawson v. Hayden, 13 Ark., 316*, the case, in the court below, was submitted upon an agreed statement of facts, signed by counsel, and marked "filed" by the clerk, just as was done in the case at bar, and the question arose whether the mere filing the paper, containing the agreed statement of facts, made it a part of the record, and the court

held that it did not, and affirmed the judgment of the court below because the facts, enumerated by the agreement, were not set forth *in the bill of exceptions*, or properly made a part of the record by order of court.    Among the papers, found in the record, is what purports to be an agreed statement of facts, but whether it is a copy of the same used in the court below, we are at a loss to determine.    If it had been incorporated into the bill of exceptions, or if it had been made a part of the record by order of the court, in any manner that would render its identification beyond question, we then would have been enabled to judge whether the law was correctly or incorrectly applied to the facts.

Where it is intended by a bill of exceptions to show an erroneous ruling of the law in the inferior court, the facts proven or admitted must be set forth in the bill of exceptions, or at least so much thereof as will show the applicability of the testimony to the declarations of law asked.

We have seen by the case of *Lawson v. Hayden, 13 Ark., 316,* that the filing of a written statement of agreed facts does not thereby become a part of the record, unless made so by order of the court or a bill of exceptions.    Neither of these modes have been pursued in this case, and the result is that we have the declarations of law before us, but are not advised what fact they were applied to.    It is our duty to presume, under such a state of circumstances, that the circuit court decided correctly.    It is the duty of the party who complains of error to present it to this court. It has not been done in this instance.

Let the judgment be affirmed.