Boyd vs. Carroll.

---

## BOYD VS. CARROLL.

PRACTICE: *Bill of exceptions; agreed statement, etc.*

The transcript states that the cause was tried on an agreed statement of facts; it also shows that additional evidence was introduced, and recites that the appellant tendered a bill of exceptions, which was signed, sealed and made a part of the record, but there is no bill of exceptions in the transcript. Held: *First*—If the cause had been tried exclusively on the agreed statement of facts, it should have been made part of the record. *Second*—The cause having been tried on additional testimony, it, as well as the ruling of law by the court, should have been brought into the record by bill of exceptions.

APPEAL from *Ashley* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

*Johnston & Hawkins* for appellant.

The payment was voluntary, and cannot be recovered. *Hall* v. *Schultz*, 4 John. Rep., 240, note *a*, 2d ed.; *Bank of U. S.* v. *Bank of Washington*, Curtis U. S., vol. 10, p. 3.

Justice's action valid. *Hawkins* v. *Filkins*, 24, 286. Affidavit was made and delivered to justice in due time. Acts 1873, p. 453, sec. 97.

*John Carroll*, for appellee.

The appeal was not taken according to law, and should have been dismissed. Gantt's Digest, 3821; *Merrill & Bro.* v. *Manees*, 19 Ark., p. 647. The transcript sent up by the justice is conclusive. Rose's Digest, p. 481, secs. 121, 122.

---

Boyd vs. Carroll.

---

The money was wrongfully received by appellant, who was agent for his father, F. A. Boyd, and may be recovered. Chit. Plead., 8th Am. ed., vol. 1., pp. 36, 351, 352; Story on Contracts, secs. 422, 423; Gr. on Ev., vol. 2, secs. 117, 121; Wheaten's Selwyn, ed. 1823, vol. 1, pp. 65, 70.

On the right to recover. Code, secs, 692 to 697; Rose's Digest, p. 334, secs. 119 to 123.

English, Ch. J.:

John Carroll sued Charles M. Boyd before a justice of the peace of Ashley county, on an account for money had and received for his use, etc. Carroll obtained judgment, and Boyd appealed to the Circuit Court.

The cause was tried in the Circuit Court, before the court sitting as a jury, finding and judgment for Carroll, and motion for new trial overruled.

There is a statement in the transcript that the cause was submitted to the court on an agreed statement of facts, which is copied.

There is also a statement in the transcript, that in addition to the agreed facts, Boyd, Carroll, and a witness named Harbison, were examined, and what each of them testified is briefly stated.

Then follows a statement, that this being all the evidence, the court ruled the law to be, that Carroll having paid the money upon a void judgment, (See *Carroll* v. *Boyd et al.*, 27 Ark., 183,) he had the right to recover it back.

There is also a statement in the transcript, that Boyd excepted to the decision of the court overruling his motion for a new trial, and tendered a bill of exceptions, which was signed, sealed and made part of the record, but there is no bill of exceptions in the transcript.

If the cause had been tried exclusively on the agreed statement of facts, it should have been made part of the record by

bill of exceptions, or by an entry identifying it, and making it part of the record. *Ashley* v. *Stoddard & Co.*, 26 Ark., 653, and cases cited.

But here the case was tried upon additional testimony of witnesses, which, as well as the ruling of law by the court, should have been brought upon the record by bill of exceptions.

It would be an unsafe practice for this court to review decisions of the Circuit Court upon evidence merely copied into transcripts, but made part of the record in no established mode.

The judgment must be affirmed.