COONROD *v.* ANDERSON.

Decided January 23, 1892.

*Record—Agreed statement of facts.*

> An agreed statement of facts cannot be considered a part of the record if it is neither preserved by bill of exceptions, nor incorporated in the judgment *in hæc verba* or by specific reference.

APPEAL from *Lee* Circuit Court.

MATTHEW T. SANDERS, Judge.

*H. N. Hutton* for appellant.

No bill of exceptions was necessary, as the cause was tried upon an agreed statement of facts, and presented but one issue which appears on the face of the record.

*John J. & E. C. Hornor* for appellees.

There being no bill of exceptions, there is nothing presented for adjudication, except whether the court had jurisdiction. 43 Ark., 391 ; 42 *id.*, 488 ; 44 *id.*, 411.

HUGHES, J. This is an action of ejectment to recover possession of land claimed by the appellant. The appellee in his answer claimed to be the sole owner of the land. The case was tried by the court sitting as a jury upon an agreed statement of facts. There was judgment for the appellee. A motion for a new trial was filed and overruled, to which appellant excepted. The grounds of the motion are that the judgment was contrary to the law and the facts. No bill of exceptions appears in the record, and none was ever filed. There is a paper copied into the record marked " filed " by the clerk and subscribed by counsel for the parties, purporting to be an agreed statement of facts submitted to the court. Another paper is also copied into the record purporting to be " findings of facts by the court " and " conclusions of law." The record shows that the agreed statement of facts was filed. The following recital is made in the judgment of the court : " This cause is by consent tried by the court on the pleadings, exhibits thereto and agreed statement of facts." Neither of these papers are incorporated into the judgment *in hæc verba*, or by specific reference as its finding of facts. Can this agreed statement be considered as part of the record ?

According to many decisions of this court, it is no part of the record. *Lawson* v. *Hayden*, 13 Ark., 316, *White* v. *Prigmore*, 28 Ark., 450, and *Nisbett* v. *Brown*, 30 Ark., 585, which are adhered to in *Johnson* v. *State*, 43 Ark., 394; in which the cases of *Farquharson* v *Johnson*, 35 Ark., 536, and *Carroll* v. *Saunders*, 38 Ark., 216, and all other cases de-

cided upon the same considerations were overruled. In *Farquharson* v. *Johnson*, "the record entries showed the filing and denial of a motion for a new trial, which was copied in the transcript. The bill of exceptions also stated that the losing party had filed such a motion, that it was denied, and that he excepted ; but it did not set out the grounds of the motion, nor identify the one to which it referred as the one that appeared in the transcript. The court held that the motion for a new trial was not a part of the record, not being incorporated in the bill of exceptions or referred to in it as made part of the record. In the case of *White* v. *Prigmore*, 28 Ark., *supra*, the court ruled that " a motion for a new trial does not become a part of the record unless it is made so by a bill of exceptions." This case is approved in *Johnson* v. *State*, 43 Ark., *supra*, because there was no bill of exceptions whatever in the case. In *Johnson* v. *State* the court said : " We will consider the merits wherever it appears from the record proper that a motion for a new trial was made and denied, and from the bill of exceptions that the appellant excepted to the action of the court in that respect, provided such a motion is contained in the transcript. In other words, we will presume that the motion sent up by the clerk in his certified transcript is the same motion that was filed, overruled and excepted to in the court below."

The effect of this ruling is that, where a motion for a new trial is filed but not incorporated into the bill of exceptions, but the facts that a motion for a new trial was filed, denied by the court and exceptions to the action of court were taken, are stated in the bill of exceptions, this makes the motion copied in the transcript a part of the record and identifies it as the motion that was filed. The agreed statement of facts in the case at bar is neither preserved by the bill of exceptions, nor incorporated *in haec verba* or by specific reference into the court's judgment as its finding of facts in the case. The agreed statement has not been made

a part of the record in any way, and cannot therefore be considered.

Upon this state of the record, the law presumes that the judgment of the circuit court is correct.

It is therefore affirmed.