SWEET *et al.* v. MYERS *et al.*

1. An agreed statement of facts, upon which an ordinary action at law is submitted, is not within the purview of section 5540, Comp. Laws, providing for the submission of a controversy without action, and making the submission itself a part of the judgment roll.
2. Such agreed statement of facts is mere. evidence, and must be brought into the record by bill of exceptions or statement.
3. Neither at common law, nor under section 3206, Comp. Laws, has a tenant any right, after the expiration of his term, to remove articles of property affixed by him to the demised premises for purposes of trade, as described in said section.
4. Articles so affixed and so left after the expiration of the lease, without any agreement with the owner of the demised premises, become his property absolutely.
5. A purchaser of such trade fixtures from the tenant takes subject to the same conditions, for he only buys what the tenant has a right to sell.

(Syllabus by the Court. Opinion filed Oct. 15, 1892.)

Appeal from circuit court, Beadle county.     Hon. A. W. CAMPBELL, Judge.

Action to recover certain property claimed by plaintiffs to be personalty. Plaintiffs had judgment. Defendants appeal. This opinion is upon the merits of the case and upon a motion made by plaintiffs to dismiss the appeal. Motion to dismiss appeal over-ruled and judgment reversed.

The facts are stated in the opinion.

*T. H. Null*, for appellants.

The lien stipulated in the lease is valid against the tenant and those having notice of the contract.  Jones, Liens, § 540; 3 Kent, Comm. 484. The transfer by sale under the chattel mortgage to plaintiffs was by our law conclusively presumed fraudulent and void as to subsequent creditors, because the purchaser permitted the goods to remain in possession of the mortgagor.  Civ. Code, §§ 4345, 4657; Bossinger v. Spongler, 10 Pac. 811; Wood v. Bugbey, 29 Cal. 467; Stimson v. Wrigley, 86 N. Y. 332; Gardinier v. Tubbs, 21 Wend. 169; Hamilton v. Russell, 1 Cranch, 310.

The common law right of distress for rent exists in this state, and the defendants have the right to seize, for rent due and unpaid,

the goods found on the premises. 1 Bouv. Law Dict. 486; Gilbert v. Moody, 17 Wend. 354; 1 Jones, Liens, § 561; Butler v. Morgan, 8 Watts & S. 53; Kleber v. Ward, 88 Pa. St. 93; Spencer v. Mc-Gowan, 13 Wend. 236; Ratcliff v. Daniel, H. & J. 498; Trieber v. Knabe, 12 Md. 491; Stevens v. Lodge, 7 Blackb. 594; Tenney v. Little, 3 Scam. 301; Coburn v. Harvey, 18 Wis. 146; Dutcher v. Culver, 24 Minn. 584.

The shelving fastened thoroughly to the walls and floors of the building, and left in the same by the tenant after the expiration of the lease, became the property of the defendants. Sections 2679, 2681, 3206, Comp. Laws; Taylor, Land & Ten. §§ 551, 553; Mc-Nalley v. Connolly, 70 Cal. 5.

*E. H. Alpin,* for respondents.

The common law has no application in this state where the law is declared by statute. Sections 2505, 4763, Comp. Laws. A landlord has no lien for rent reserved in the lease, or for the value of the use and occupation of the premises. Hitchcock v. Hassett, 71 Cal. 331. The lien reserved in the lease was in the nature of a chattel mortgage and fraudulent as to plaintiffs. Civ. Code, § 4657; Greeley v. Winsor, 1 S. D. 117, 619.

If the landlord has the common law right to distrain for rent due, this only applies to the goods of his tenant and not to goods of third persons found on the premises. Holt v. Johnson, 14 Johns. 425; Snyder v. Hill, 2 Doug. 204; Connah v. Hale, 23 Wend. 475; Morgan v. Campbell, 89 U. S. 796; Kessler v. McConachy, 1 Rawle, 435; Gorton v. Faulkner, 4 Tenn. 565; Howard v. Ramsey, 7 H. & J. 113; Hanie v. Wickham, 6 Leigh, 236; O'Donnell v. Segbert, 13 Serg. & R. 54; Karns v. McKinney, 74 Pa. St. 387; Gilman v. Elton, 6 Moore, 243; Brown v. Lewis, 17 Serg. & R. 138; Bevan v. Crooks, 7 Watts & S. 452; Riddle v. Welden, 5 Whart. 1; Stone v. Matthews, 7 Hill, 428; Owen v. Boyle, 22 Me. 47; McCreeny v. Claflin, 37 Md. 435; Cadwalader v. Tindall, 20 Pa. St. 542.

The intent of the party making the annexation is the most important test in determining the character of property attached to a building by a tenant. Rogers v. Brokow, 25 N. J. Eq. 496; Crippen v. Morrison, 13 Mich. 23; Adams v. Lee, 31 Mich. 440; McAnliff v. Mann, 37 *Id.* 539; Jones v. Detroit, 38 *Id.* 92; Roberts v. Corsett,

39 *Id.* 777; Coleman v. Stearns, 38 *Id.* 40; Ingersall v. Barnes, 10 N. W. 127; Ferris v. Quinby, 2 N. W. 9; Manwaring v. Jenison, 27 N. W. 899; 8 Am. & Eng. Ency. Law, 44.

If attached for temporary use, with intention of removing it, it does not become a fixture. Potter v. Cromwell, 40 N. Y. 287; Walker v. Sherman, 20 Wend. 636; Crane v. Brigham, 11 N. J. Eq. 29; Berger v. Hoerner, 36 Ill. App. 360.

If the intention is that it shall not become a part of the freehold as a rule it will not. Tift v. Horton, 53 N. Y. 377; Voorhees v. McGinnis, 48 N. Y. 278; Winslow v. Insurance Co., 4 Met. 306; McRoe v. Bank, 66 N. Y. 489; Sisson v. Hibbard, 75 N. Y. 542; Eaves v. Estes, 10 Kan. 314; Trull v. Fuller, 28 Me. 548; Ballow v. Jones, 37 Ill. 95; Wade v. Johnson, 25 Ga. 331; Teaff v. Hewett, 1 Ohio St. 511; Hill v. Wentworth, 28 Vt. 428; State Bank v. Kercheval, 65 Mo. 682. If the parties agree for it to remain personal property it will so do. Lake v. McCann, 48 N. W. 692; Myrick v. Bill, 17 N. W. 268.

KELLAM, P. J. This action was brought by respondents to recover possession of certain property claimed to be personal, and withheld by the appellants. They recovered judgment on trial by the court below, and the defendants have appealed. The respondents move to dismiss the appeal because no bill of exceptions was settled in the case. This would not be ground for dismissal, but does, we think, confine the review in this court to questions appearing upon the judgment roll proper. The printed abstract recites that the parties agreed upon the facts embodied therein in a stipulation, and submitted the case to the court for trial and decision upon such stipulation, and then purports to set out the facts so stipulated. The appellants insist that no bill of exceptions was necessary, for the parties have formally agreed to the facts; no finding of the trial judge could change them; that a bill, if settled, would exhibit the very facts recited in the affidavit, and no other. Such result would very likely follow, if it were once properly established in this court that the parties did make a stipulation below, agreeing upon the facts stated. But suppose either the making of the stipulation, or that its contents were correctly set out, was denied, how could either be made to appear in

this court without having been proved and made record by bill of exceptions? The appellate function of this court is to review the decisions of the trial court. To do this fairly to the trial court, the record here must be just the same as it was there. The judge whose decisions are to be reviewed is interested in it, and is entitled to know what is to be presented to the appellate court as the record upon which his challenged rulings were made. We presume it not infrequently happens in the trial of a case that some particular fact or facts which influenced the ruling of a judge may not seem important to the appealing party, and in such case he would be likely to omit the evidence of such fact if he were allowed to make a statement of the evidence upon which the ruling was made. This would be unfair to the trial judge. And so in Lumber Co. v. Pennington, 2 Dak. 472, 11 N. W. Rep. 497, Chief Justice SHANNON said: "The object in settling a bill is to arrive at accuracy, and this as well in justice towards the court that tried the cause as to the suitors."

In Raymond v. Spicer, 6 Dak. 45, 50 N. W. Rep. 399, it was held by the territorial supreme court that it was not competent for the parties after trial to stipulate what should be considered a bill of exceptions or statement, and that such stipulation would not be accepted as record by the appellate court, unless properly signed by the judge. As this was but a memorandum opinion, we notice further that in Leonard v. Warriner, 20 Wis. 41, the court said: "There is no bill of exceptions in this case. There is what the attorneys for the respective parties have stipulated should be a bill of exceptions, and of the same force and effect as if settled and signed by the circuit judge; but it is not signed by the judge. We cannot permit the stipulation of the attorneys to take the place of or do away with the necessity of such signing by the judge. They may stipulate into the record, if this was permitted, rulings or instructions that were never made or given, and which would make the circuit judge appear ridiculous."

The statute carefully provides the method for preparing, proving, and authenticating in the trial court a record for use in the appellate court, but whether by bill of exceptions or statement used in motion for new trial, as in section 5090, or by bill of excep-

tions, as in section 5083, it must be certified to and signed by the judge. Suppose the trial judge should settle and sign one bill of exceptions or statement, and the parties should stipulate an entirely different one, would there be any question as to which was the real record? While the parties may agree upon a part or all of the facts upon which a case may be heard and determined in the lower court, such agreement or such facts do not become a part of the record on appeal until made so in some method authorized by the statute. Such agreement is still only evidence which the parties concede may be regarded as conclusive, and must be brought into the record like any other piece of evidence. Coonrod v. Anderson, (Ark.) 18 S. W. 373; Insurance Co. v. Harris, 108 Ind. 392, 9 N. E. Rep. 299; Abrahams v. Sheehan, 27 Minn. 401, 7 N. W. Rep. 822; Insurance Co. v. De Graff, 12 Mich. 10; Haynes v. City of Cape May, (N. J. Err. & App.) 19 Atl. Rep. 176; Howard v. Ross, (Wash.) 28 Pac. Rep. 526. Such a stipulation as this, in an ordinary action, agreeing upon the facts upon which the case shall be decided, is not within the contemplation of section 5540, Comp. Laws, providing for the submission of a controversy without action. In the latter case section 5541 expressly makes the submission a part of the judgment roll, while the stipulation now before us is only another mode of presenting to the court a part or all the evidence in a case. In the latter case the stipulation and the facts agreed upon can only be made record by being authenticated by the judge. In the former case they are made a part of the judgment roll by direct force of statute. Martin v. Martin, 74 Ind. 207; Coonrod v. Anderson, *supra;* Insurance Co. v. Harris, *supra.* Upon this record, then, we cannot inquire whether the findings of fact are sustained by the evidence, or whether other findings should have been made. The evidence not being before us, we presume the findings are correct, and it only remains to inquire whether there is manifest error in the conclusions of law found by the court, and whether such findings of fact and conclusions of law justify the judgment rendered. It appears from the findings that a part of the property described in the complaint, and for which recovery is had in this judgment, consisted of shelving, mirrors, etc., which the said tenant brought to and placed in said leased

premises. The third and eighth findings are that these articles were by said tenant fastened and stayed to the floors and walls by means of screws and nails, for the purpose of making them more steady and useful to such tenant in his business; that the same was done by consent of defendants; and that it was expected that the same would be removed at the end of the term. These facts bring these articles within the provisions of section 3206, Comp. Laws. That section is as follows: "When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require the former to remove it; provided, that a tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for purpose of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises." This section declares the general consequence of affixing one's property to the real estate of another, without an agreement that it may be removed. It allows but one exception,—a tenant may remove anything affixed thereto for the purpose of trade, if it can be done without injury to the premises, and is done during the continuance of his term. The general result follows, unless the case is within the terms of the proviso. It is not claimed that any effort was made to detach or remove these articles during the continuance of the lease. The lease expired April 1, 1891, and the fourth finding is that no demand was made for such fixtures until April 7th. They, therefore, came under the general rule of the section, and became the property of the defendants as owners of the premises. This rule of the statute was equally the doctrine of the common law,—that with the expiration of the lease the tenant's right of removal ceased. There could be no re-entry for such purpose, unless by consent of the owner. If the tenant unqualifiedly surrender the premises to his landlord, without reserving or removing the fixtures, he is understood to have dedicated them to the landlord. Tyler, Fixt. 453; Josslyn v. McCabe, 46 Wis. 591, 1 N. W. Rep. 174; Dostal v. McCaddon. 35 Iowa, 318; Merritt v. Judd, 14 Cal. 60; Cromie v. Hoover, 40 Ind.

49; Guthrie v. Jones, 108 Mass. 191; Loughran v. Ross, 45 N. Y. 792.

Respondents, however, claim that, as they had before the expiration of the lease become the owners of these articles by purchasing the same at a foreclosure sale under a chattel mortgage made by the tenant,—which fact was found by the court,—they were not subject to the same rule as the tenant, and were not required to make the removal during the term of the lease, "because there was no privity of contract or obligation existing between them and the defendants; and while Berry (tenant) might have been bound to remove them within a certain time, yet these plaintiffs were not bound to carry out Berry's obligation respecting the removal of the property from the building." This claim cannot be maintained. As purchasers, they only acquired the tenant's interest in the property, which was ownership, provided it was detached and removed during the term of the lease. Failure to remove during the time the tenant might rightfully enter upon the premises left these trade fixtures the property of the owner of the premises to which they were affixed, not by force of the lease, but by force of the law. We think the trial court was wrong in holding the plaintiffs entitled to recover this property so affixed to the demised premises, and not removed during the continuance of his term, and for such error the judgment is reversed, without examination of other errors assigned. All the judges concur.