LAWRENCE *v.* STATE.

Opinion delivered December 6, 1902.

1. CRIMINAL LAW—JOINDER OF COUNTS.—Separate counts for forgery and for uttering a forged indictment may be joined in one indictment, under Sand. & H. Dig., § 2078, subd. 7. (Page 83.)

2. APPEAL—NECESSITY OF BILL OF EXCEPTIONS.—Where there is no bill of exceptions in the record, objections that improper evidence was admitted, and that the verdict was contrary to the evidence, cannot be reviewed on appeal. (Page 83.)

3. VERDICT—SUFFICIENCY.—A verdict, on an indictment containing two counts, for forgery and for uttering a forged instrument, respectively, is sufficient if it finds defendant guilty of each offense and assesses his punishment therefor separately, without alleging that defendant was guilty as charged in the indictment, or as charged in either count. (Page 84.)

Appeal from Sebastian Circuit, Fort Smith District.

STYLES T. ROWE, Judge.

Affirmed.

*Geo. W. Murphy,* for appellee.

BUNN, C. J.　This is an indictment for the crimes of forgery and uttering a forged instrument of writing. Defendant interposed a general demurrer, which was overruled. Whereupon he was arraigned, pleaded "not guilty," and trial was had, resulting in a verdict of guilty on each of the two counts, and he was sentenced to two years' imprisonment on each of the two counts, the imprisonment on the last count to begin at the termination of the time on the first count. From this judgment the defendant appeals to this court; and in his motion for new trial says the verdict was contrary to the law and also to the evidence, and that the court erred in allowing the state to offer testimony upon the alleged forged instrument, without first proving its loss or destruction. The motion for new trial was overruled. Defendant then moved in arrest of judgment, which being overruled he appealed. The motion in arrest is as follows, viz.: "(1) That the verdict is so uncertain and indefinite as to render the same void; (2) Because there is more than one count in the indictment, and the verdict does not specify under which count defendant was found guilty; (3) The verdict does not show the defendant was found guilty on the indictment; (4) Because the verdict does not specify the crimes upon which the jury found the defendant guilty."

The indictment was apparently found upon sections 1595 and 1596 of Sand. & H. Dig., which define the two crimes, respectively, and fix the punishment therefor, and contains the usual language employed in such cases, and uses all the essential words. The demurrer was therefore properly overruled.

The two counts were not improperly joined in the one indictment. See section 2078, Sand. & H. Dig., 7 subd., approved Oct. 27, 1893.

The form of the verdict was as follows, to-wit: "We, the jury, find the defendant guilty of forgery, and assess his punishment at two years in the penitentiary. We also find the defendant guilty of uttering and attempting to pass, and assess his punishment at two years in the penitentiary."

There is no bill of exceptions in this record, and the court and jury are presumed to have acted upon evidence sufficient to convict, and also to have acted upon none but legal evidence. The verdict was not therefore contrary to the evidence, nor have we any-

thing to determine whether improper evidence was admitted or not. The verdict was not contrary to law, so far as the record shows. The motion for new trial was therefore properly overruled.

The verdict was plainly to the effect that defendant was found guilty on both of the counts, and, he being found guilty on the two counts separately, there was no necessity for nor propriety in saying in the verdict upon which count he was found guilty. The verdict being in response to the charges made in the two counts, and appropriate punishment assessed on each count separately, it is good, without additional recitals, such as "guilty as charged in the indictment," or as charged in either count. The verdict is sufficiently explicit as to the crimes upon which the convictions were founded. The motion in arrest was therefore properly overruled.

Finding no error, the judgment is affirmed.