CEASAR *et al.* v. CEASAR *et al.* ·

No. 893, Ind. T.    Opinion Filed December 21, 1908.

(98 Pac. 916.)

**APPEAL AND ERROR—Presentation and Reservation of Grounds of Review—Bill of Exceptions.** Where the record contains no bill of exceptions preserving the evidence adduced on a trial to a jury of issues of fact out of chancery, and there is no error apparent upon the face of the record, there is nothing presented for review in this court.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by Abram Ceasar and others against Mittie Ceasar and others. Judgment for defendants, and plaintiffs bring error to the United States Court of Appeals of the Indian Territory, whence the cause was transferred to the Supreme Court of the State of Oklahoma. Dismissed

On November 26, 1906, Abram Ceasar and 14 others, plaintiffs in error, plaintiffs below, by leave of court filed their amended complaint against Mittie Ceasar and 8 others, defendants in error, defendants below, in the United States court for the Indian Territory Western District at Muskogee, alleging, among other things, their relationship to Phillip R. Ceasar; that he died at his home in Muskogee on September 26, 1904, seised and possessed as a Creek citizen of certain lands and personal property situate in the Creek Nation, leaving no issue him surviving; that plaintiffs were his next collateral kin; that defendant Mittie Ceasar, his widow, had filed and caused to be probated in that court a document alleged to be the last will and testament of said Phillip R. Ceasar; that letters testamentary had been issued thereon and filed a copy of said alleged last will, marked "Exhibit A"; that by the provisions of said will certain bequests of minor value were left to the defendants

other than Mittie Ceasar, and the remainder of said estate to her; that Phillip R. Ceasar, at the time said will was made, was old and infirm in body and mind, and had in his employ as agent and confidential advisor one Edward Jefferson, who, together with Mittie Ceasar, in both of whom he reposed the greatest confidence, conspired to and did overcome the will and judgment of said Phillip R. Ceasar, and by importunity, coercion, intimidation, and undue influence compelled him to sign said paper alleged to be his last will and testament, when in truth and in fact the same was not such, and prayed that the probating of the same be set aside and held for naught, and that he be decreed to have died intestate. After answer filed by Mittie Ceasar and two others, the suit was dismissed as to the remaining defendants, and on November 30, 1906, after making Fred Ceasar, an infant, by guardian, and Sidney Johnson, an infant, by his next friend, parties plaintiff, the cause proceeded to trial to a jury upon the issues joined, which resulted in a decree in favor of defendants, sustaining the will, and against the plaintiffs, taxing them with the costs, from which plaintiffs appealed to the United States Court of Appeals in the Indian Territory, which decree we are asked to review as successors to that court.

*C. B. Dawes* and *P. W. Gardner,* for plaintiffs in error.

*Robertson & Kean* and *Bailey & Kistler,* for defendants in error.

TURNER, J. (after stating the facts as above). The record purports to contain 252 typewritten pages of the evidence taken on the trial of the cause, together with a motion for a new trial, together with instructions of the court to the jury; but as the errors complained of grow out of the evidence and instructions, and the same are not brought into the record by bill of exceptions, and as there is no error apparent upon the face of the record, there is nothing before us for review. *Lemay v. Johnson,* 35 Ark. 225; *Casteel v. Casteel,* 38 Ark. 477; *Carpenter v. Ellenbrook,* 58 Ark. 134, 23 S. W. 792.

The proper practice prevailing in that jurisdiction at the time

this appeal was sought to be perfected was that. in equity cases, all papers properly filed in the cause become, on appeal, parts of the record to be included in the transcript; but oral evidence adduced on a trial to a jury of issues of fact out of chancery were required to be brought up on appeal by bill of exceptions, or might be taken down in writing in open court and by proper order filed with the papers. Nothing of this kind, however, appears to have been done in this case, except that on July 3, 1907, appellants filed with the clerk of the trial court the "purported" evidence and "the instructions of the court" in the case; but, as it appears, without the necessary order of the court, the appeal is dismissed. *Ashley v. Stoddard, Jr., & Co.,* 26 Ark. 653; *Town of Ft. Smith v. Gantis,* 35 Ark. 438; *Smith v. Hollis,* 46 Ark. 17.

All the Justices concur.