KINNANNE *v.* STATE.

Opinion delivered January 27, 1913.

PRACTICE—AGREED STATEMENT OF FACTS—BILL OF EXCEPTIONS.—Where an agreed statement of facts, upon which a cause was tried, and defendant found guilty, is not made a part of the record by bill of exceptions, and the judgment of the lower court is in the usual form, there is nothing in the record to support an attack on the judgment.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

*E. L. Westbrook,* for appellant.

1. There was no evidence to sustain the charge of running a "blind tiger." There was nothing secret or

"sly" about the sale; it was not clandestinely made.   42 S. E. 274; 45 Ark. 175; 42 S. E. 720.

2.   The sale was made in Tennessee according to the agreed statement of facts, which is made part of the record.   104 Ark. 240; 95 *Id.* 381.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1.   The agreed statement of facts, and the court's finding of facts are not part of the record, and not subject to review by this court.   13 Ark. 316; 26 *Id.* 653; 30 *Id.* 527; 65 *Id.* 14.

2.   40 Ark. 501 is conclusive as to the boundary line between Arkansas and Tennessee.

*E. L. Westbrook,* for appellant, in reply.

No motion for a new trial nor bill of exceptions was necessary; the error appears of record.   100 Ark. 515; 66 *Id.* 182; 46 *Id.* 17; 47 *Id.* 231; 55 *Id.* 536.   The judgment is inconsistent with the facts found.   46 Ark. 17.

McCULLOCH, C. J.   Appellant was indicted by the grand jury of Mississippi County for the offense of operating a blind tiger, and on a trial before the court sitting as a jury he was convicted, and a fine and imprisonment were imposed.

The judgment of the court is in usual form, reciting the appearance of the parties, by attorneys, the submission of the cause to the court upon an agreed statement of facts, and a finding by the court of the guilt of the defendant as charged in the indictment.   Then follows the judgment imposing the punishment.   The judgment entry does not recite the facts stated in the agreement nor the special findings of facts made by the court.   There is, however, in the transcript what purports to be a written statement of facts by the parties; also what purports to be appellant's request to the court for a declaration of the law, and the court's finding of facts.   There is no bill of exceptions in the transcript, and no motion for new trial was filed.

Counsel for appellant insist that the facts as set forth in the agreed statement are not sufficient to sustain

the judgment, but the agreed statement of facts is not brought into the record so that we can pass upon that question. Counsel invoke the rule announced by this court in many decisions that, "neither a motion for new trial nor a bill of exceptions is necessary where the errors complained of do not grow out of the evidence or instructions, but appear from the record itself." *Ford* v. *State,* 100 Ark. 515. That rule is not, however, applicable to the transcript now before us, because the alleged error of the court does not appear in the record made by the court below. This court, as early as the case of *Lawson* v. *Hayden,* 13 Ark. 316, announced the rule that "an agreed statement of facts, signed by the counsel of the parties, filed in the cause, and the filing noted of record does not thereby become part of the record, not being made so by bill of exceptions or order of the court; and the court below, sitting as a jury, having determined the case upon such agreed statement, and it not having been made part of the record, this court will not look into it for the purpose of reviewing the decision, but the presumption of law being in favor of the correctness of the judgment of the court below, will affirm it." This rule has been steadily adhered to. *Ashley* v. *Stoddard,* 26 Ark. 653; *Boyd* v. *Carroll,* 30 Ark. 527; *Smith* v. *Hollis,* 46 Ark. 17; *Conrad* v. *Anderson,* 55 Ark. 354; *Independence County* v. *Tomlinson,* 95 Ark. 565.

In *Boyd* v. *Carroll, supra,* Chief Justice ENGLISH, speaking for the court, said:

"If the cause had been tried exclusively on the agreed statement of facts, it should have been made part of the record by bill of exceptions, or by an entry identifying it, and making it a part of the record." In *Conrad* v. *Anderson, supra,* the court said: "The agreed statement of facts in the case is neither preserved by the bill of exceptions, nor incorporated *in haec verba* or by specific reference into the court's judgment as its finding of facts in the case. The agreed statement has not been made a part of the record in any way, and can not therefore be considered."

The same may be said of the special findings of facts. *Springfield Fire & Marine Ins. Co.* v. *Hamby*, 65 Ark. 14. But the judgment of the court is not inconsistent with the alleged special findings of fact as shown in the transcript and do not aid appellant's cause, even if these had properly been made a part of the record. There is, therefore, nothing in the record to support appellant's attack upon the judgment, and the same is affirmed.