McLaughlin *v*. State.

Opinion delivered February 22, 1915.

1. Rape—sufficiency of indictment.—The indictment, in a prosecution for the crime of rape, held sufficient.

2. Appeal and error—sufficiency of evidence—bill of exceptions.—The question of the sufficiency of the evidence to support the verdict of the jury, or the correctness of instructions given by the court, can only be presented by a bill of exceptions filed within the time allowed by law and fixed by the court.

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans*, Judge; affirmed.

*John D. Arbuckle* and *J. V. Bourland,* for appellant.

The indictment charges no crime. The evidence is wholly insufficient to convict and the instructions are misleading.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The indictment sufficiently charges the crime. 60 Ark. 521; 79 *Id.* 293.

2. There is no bill of exceptions. It was not filed in time. 96 Ark. 175; 169 S. W. 790.

SMITH, J. Appellant was convicted of the crime of rape under the following indictment (omitting formal parts):

"The said Neal McLaughlin, on the 14th day of June, 1914, in the county and district aforesaid, in and upon one Martha Byford, a female person, forcibly, violently, and feloniously did rape and assault her, the said Martha Byford, then and there violently, forcibly and against her will and consent feloniously did ravish and carnally know, against the peace and dignity of the State of Arkansas."

It is insisted that the indictment is bad, and does not charge a crime, in that the "assault" is not charged to have been made until after the alleged "rape," and that the indictment is multifarious in alleging that the appellant "violently, forcibly and against her will and consent feloniously did ravish and carnally know."

(1) We think the indictment in this case is sufficient. It follows very closely the indictment set out in the case of *Downs* v. *State,* 60 Ark. 521, which was there held sufficient. This indictment meets all the requirements of the law. *Beard* v. *State,* 79 Ark. 293.

It is further insisted that the evidence is insufficient to support the charge, and that error was committed in the instructions given.

(2) These questions are not before us for review. Such questions can only be presented by a bill of exceptions filed within the time allowed by law and fixed by the court. The record shows that the bill of exceptions in

this case was not filed for more than a month after the expiration of the time allowed for that purpose. Appellant filed his motion for a new trial on the 2d of October, and was given thirty days within which to file his bill of exceptions, but no bill of exceptions was tendered to and signed by the judge until the 26th day of December, 1914, and it was not filed in the office of the clerk until the 28th day of December, 1914. There is, therefore, no bill of exceptions in this case, and we can not consider either the sufficiency of the evidence or the correctness of the instructions. *Green* v. *State,* 96 Ark. 175.

The judgment of the court below is, therefore, affirmed.