FIRST NATIONAL BANK OF FORT SMITH v. THOMPSON,
ADMINISTRATOR.

## Opinion delivered May 29, 1916.

1. APPEAL AND ERROR—AGREED STATEMENT OF FACTS.—When a cause
   was tried upon an agreed statement of facts, the same cannot be
   considered on appeal, unless the statement appears in the bill of
   exceptions or is set out in the judgment of the court; in such a
   case the appellate court will look only to the facts set out in the
   judgment of the court below.

2. APPEAL AND ERROR—FINDING OF FACT—RULING—INCONSISTENCY—RE-
   VERSAL.—A cause will be reversed when the court's rulings of
   law are inconsistent with his findings of fact.

3. EXECUTORS AND ADMINISTRATORS—GUARDIAN AND WARD—PAYMENT TO
   PERSON IN DUAL CAPACITY.—When a party acting in two capacities
   receives money in the wrong capacity, the payment is in law,
   referable to the capacity in which he is authorized to act, and
   constitutes a payment.

4. GUARDIAN AND WARD—PAYMENT TO GUARDIAN IN CAPACITY AS EX-
   ECUTOR.—A. was executor of the estate of B., deceased, and also
   the guardian of C., B's daughter and heir. Appellant paid money
   in its hands, belonging to C. to A., in the capacity of executor.
   *Held*, since A. acted in two capacities, that the payment to him
   operated as a discharge of the appellant.

Appeal from Sebastian Circuit Court; *Paul Little,*
Judge; reversed.

*Warner and Warner* for appellant.

1.   Though the payment was made to Matt Grey, as administrator of the estate of Mary A. Hare, deceased, it should be treated as a payment to him as curator of the estate of Ella Hare, upon the principle that where one acts in a dual capacity, the exercise of the power is referable to the true authority conferred.   98 Ga. 193; 26 S. E. 736; 95 Pa. St. 117; 55 *Id.* 364; 1 Morse on Banks & Banking, § 343; 28 Kans. 415; 104 U. S. 54; 48 Conn. 550, 567; 82 Conn. 8; 72 Atl. 150; 22 L. R. A. (N. S.) 4008, 413; Zane on Banks etc. p. 213, § 134, 51 Kans. 359. Payment to the legal guardian discharged the bank.   104 Ark. 187, 195; 116 Ark. 10; 3 R. C. L. § 177, pp. 549-50; 88 Ind. 215.

2.   The case was tried on an agreed statement of facts which is made part of the record.   46 Ark. 18; 30 *Id.* 527.   But the court's findings are incorporated in the judgment.   This is sufficient.   106 Ark 282; 55 *Id.* 354-5; 116 *Id.* 10.

*Winchester & Martin* for appellee.

1.   The agreed statement of facts is not a part of the bill of exceptions and cannot be considered.   99 Ark. 99; 107 *Id.* 29; 95 *Id.* 303, 309; 38 *Id.* 597; 84 *Id.* 342; 111 *Id.* 201; 117 *Id.* 221, 233.

2.   The court is familiar with the efforts of the guardian to get this money.   84 Ark. 32; 92 *Id.* 15; 104 *Id.* 187 and 105 *Id.* 5.   See also 116 Ark. 10.   The payment to the administrator instead of the guardian was a conversion.   No order of court was made and the bank is liable as the court properly held.   116 Ark. 10, 17.

MCCULLOCH, C. J.   The subject-matter of the present controversy, which is a fund paid into the appellant bank by the Ft. Smith & Western Railroad Company, as a deposit in a condemnation proceeding, has been before this court on two former occasions.   In the year 1901, the Ft. Smith & Western Railroad Company instituted proceedings in the Circuit Court of Sebastian County to condemn a right-of-way over certain lands which, it now appears, were owned by Ella Hare, who was a person ·

of unsound mind.  Ella Hare was made defendant in the proceedings, not as a person of unsound mind, but as one who was *sui juris*, though as a matter of fact she was under guardianship at that time as a person of unsound mind, and one Matt Grey was curator of her estate.  Matt Grey was also administrator of the estate of Mary A. Hare, deceased, who was the mother of Ella Hare, and as such administrator of the Mary A. Hare estate, Matt Grey was made a party defendant to the condemnation proceedings.

At the institution of the proceedings, the circuit court fixed an amount to be deposited so that possession could be taken of the lands sought to be condemned, and pursuant to that order the railroad company deposited with appellant, the First National Bank of Ft. Smith, the sum of $2,000, the amount fixed by the court.  The jury in the condemnation proceedings assessed the damages at the sum of $3,000, and judgment of the court was entered accordingly, but there was no order of the court made concerning the payment of the money over to the proper parties except the order that the sum "deposited in court be paid over to defendants, or to such one or more of them as shall establish his or her right to receive the same."  The railroad company then paid the sum of $1,000 over to Matt Grey, as administrator of the estate of Mary A. Hare, deceased, and the present controversy relates to the sum of $2,000 deposited in the bank, which, according to the record now before us, was also paid over by appellant to Matt Grey as such administrator.

The case first appeared here in an appeal from the order of the court refusing to permit Ella Hare to vacate the judgment in the condemnation proceedings without bringing in all other parties to the cause.  *Hare* v. *Fort Smith & Western Rd. Co.*, 104 Ark. 187.  Subsequently Ella Hare brought in the other parties, and the court on her application made an order on the railroad company to pay over to her the said sum of $3,000 assessed as damages, but on appeal to this court we reversed the judgment so far as concerned the $2,000 which

had been deposited in appellant's bank pursuant to the
order of the court. *Ft. Smith & W. Rd. Co.* v. *Hare*,
116 Ark. 10. As to that fund we held that when the
money was deposited by the railroad company pursuant
to the orders of the court, the company had no further
control over the money and was not liable even though
the bank paid out the money improperly. However, we
affirmed the judgment ordering the railroad company to
pay over the additional sum of $1,000. After the rendi-
tion of the judgment here, reversing and dismissing the
case as to the $2,000, Ella Hare, through her guardian,
made application to the court for an order on appellant,
as the court's depositary, to pay over said sum of $2,000
with interest, and the order was made as prayed for, and
an appeal has been prosecuted to this court. Ella Hare
died since then, and the case is proceeding in the name
of her administrator.

(1) The case was tried below on an agreed state-
ment of facts, which was merely filed with the clerk and
referred to in the judgment of the court, but is not
brought in the record by a bill of exceptions. Therefore
we cannot consider it on this appeal. *Coonrod* v. *Ander-
son*, 55 Ark. 354. The mere reference in the judgment
entry to the agreed statement of facts does not make
it a part of the record when the case is brought here for
review, and in order to bring it upon the record it must
be in the bill of exceptions or must appear in full in the
record entry of the judgment. We cannot, therefore,
consider the agreed statement of facts, but the trial court
recited in the judgment entry its findings of fact, and it
is our duty to consider that recital in order to determine
whether or not the judgment of the court is consistent
with the facts found by the court. All of the facts herein
recited are found recited by the trial court in the judg-
ment entry.

(2) In other words, the court finds the facts to be
that appellant paid the money over to Matt Grey, as ad-
ministrator of the estate of Mary A. Hare, deceased, and
he accounted for it in his settlement, and that he was

at that time also curator of the estate of Ella Hare, who was the owner of the lands and to whom the funds should have been paid. The court then declares the law to be, upon those facts, that the payment did not inure to the benefit of the curator of Ella Hare and did not exonerate appellant from accountability to her for the money on deposit. The question of the correctness of that ruling is therefore presented to us for our decision, regardless of the fact that the agreed statement of facts is not in the record, for if the court's decision upon the law is inconsistent with the facts found, it calls for a reversal of the judgment.

Appellant contends that though the payment was made to Matt Grey, as administrator of the estate of Mary A. Hare, deceased, it should be treated as a payment to him as curator of the estate of Ella Hare, upon the principle that where one acts in a dual capacity the exercise of the power is referable to the true authority conferred. It seems to us that that principle is sound and should be applied here to protect the appellant from further liability. The money was in fact paid to Matt Grey, the person entitled to receive it, but it was received by him in the wrong capacity. It was, however, his duty to account for the money in the right capacity; or, in other words, he was responsible on his bond as guardian, and therefore the payment discharges the bank from further liability. We find the principle laid down that "if a person occupying the dual relation of guardian and executor or administrator or trustee holds funds in the latter capacity which are due and payable to the ward, the sureties on the guardian's bond are chargeable with his failure to account therefore as guardian." 21 Cyc. 228. The principle is stated in somewhat different language in the same work, as follows: "Where an executor or administrator also occupies some other character with regard to the estate, such as guardian or trustee, it will be presumed that the property in his hands is held in that capacity in which he ought to receive it." 18 Cyc. 1258.

Cases are cited which support that text. *Clancy* v. *Dickey,* 2 Hawks (N. Car.) 497; *Harris* v. *Harrison,* 78 N. C. 202; *Loftin* v. *Cobb,* 126 N. C. 58; *Adams* v. *Gleaves,* 78 Tenn. 367; *In re McIntosh,* 158 Pa. St. 525; *Pratt* v. *Northam,* 5 Mason (R. I.) 95; *Seegar's Executors* v. *State, use Benton,* 16 Harr. & J. (Md.) 162, 14 Am. Dec. 265; *Kirby* v. *State, use Pascault,* 51 Md. 388. In the Maryland case last cited, we find the following statement of the principle: "The general doctrine is well settled that where a man holds money in several capacities, the law will attach liability to him in that capacity in which of right the money ought to be held."

(3-4) It is true those are cases where the fund rightfully came into the possession of the party in the capacity in which he received it, and the question decided was the accountability for failing to hold the money in the other capacity, where it has become his duty after having received it to pay it over and account for it in the other capacity. But it seems to us that the principle is the same where he received the money in one capacity and should rightfully have received it in the other, and notwithstanding the fact that he accepts the money in the wrong capacity it operates as a payment to him in the capacity in which he should have received it. It is a familiar principle, as contended by appellant's counsel, that where one acts in a dual capacity, the act done will be referred to the power possessed, and not necessarily to the capacity in which the party professes to act. *Duckworth* v. *Ocean Steamship Co.* (Ga.) 26 S. E. 736. It follows from the application of the principle announced that where a party acting in two capacities receives money in the wrong capacity, the payment is in law referable to the capacity in which he is authorized to act and constitutes a payment.

There is nothing in the former decisions of this court concerning the subject-matter of the present litigation which conflicts in any wise with the views now expressed. In the last case brought here we held that the railroad company was liable for $1,000 of the sum

awarded, notwithstanding the payment to Matt Grey as the administrator of the estate of Mary A. Hare, but it was not shown in that case that Matt Grey acted in any other capacity. We merely decided that the money should have been paid to the guardian of Ella Hare, and that a payment to the administrator of Mary A. Hare, deceased, did not exonerate the railroad company from liability for the funds.

We are of the opinion, therefore, that the judgment of the circuit court is inconsistent with the facts of the case as recited in the judgment, and for that reason the judgment is reversed and the cause dismissed.