SATTERFIELD *v.* LOUPE.

Opinion delivered October 1, 1923.

1. APPEAL AND ERROR—BRINGING OF AGREED STATEMENT OF FACTS.— An agreed statement of facts can be brought up in the record only by bill of exceptions or by incorporating it into the bill of exceptions; merely filing it with the papers being insufficient.

2. APPEAL AND ERROR—ABSENCE OF TESTIMONY—PRESUMPTION.—In
   the absence of the testimony upon which a judgment is based,
   the Supreme Court will assume that it was sustained by suffi-
   cient evidence when the judgment is not inconsistent on its
   face, nor with the issues raised by the pleadings.

Appeal from Yell Circuit Court, Dardanelle Dis-
trict; *A. B. Priddy,* Judge; affirmed.

*Herbert C. Scott,* for appellant.

The lien of a warehouseman for storage of mort-
gaged property is inferior to the claim of the mortgagee.
7 Cyc. 39. The lien of the warehouseman and the mort-
gagee are common-law liens, and the senior one prevails.
7 Cyc. 40. Where the bailee has a common-law lien, it is
subordinate to a lien created by a properly recorded
mortgage. 5 Cyc. 198.

No brief for appellee.

McCulloch, C. J. Appellant instituted this action to
recover possession of a lot of potatoes, the title and right
of possession to which was claimed under a mortgage.
It is alleged that the potatoes were wrongfully withheld
from appellant by appellee (defendant below), and
recovery of damages was also prayed for the detention.

Appellee answered, denying appellant's allegations
of ownership and right of possession, and alleging that
the potatoes had been stored in appellee's warehouse by
the grower and owner thereof, and that appellee had a
lien for storage charges.

The cause was tried, by consent, before the court
sitting as a jury, and judgment was in favor of the
appellee, from which an appeal has been prosecuted.

The record entry of the judgment recites that the
cause was heard upon the testimony of witnesses, but.
there appears in the transcript an agreed statement of
facts, upon which counsel for appellant say the case was
heard. There is no bill of exceptions in the record, and
the agreement concerning the facts can only be brought
upon the record by a bill of exceptions or by incorporation
into the judgment entry. The mere filing of the agreed

statement of facts does not make it a part of the record. *Coonrad* v. *Anderson,* 55 Ark. 354; *Kinnanne* v. *State,* 106 Ark. 280; *First National Bank of Fort Smith* v. *Thompson,* 124 Ark. 161.

In the absence of the testimony upon which the judgment is based, we must assume that there was sufficient evidence to sustain the judgment, which is not inconsistent on its face nor with the issues raised in the pleading.

Judgment affirmed.