GREAT SOUTHERN FRATERNAL UNION v. STROUD.

Opinion delivered October 12, 1925.

1. APPEAL AND ERROR—BRINGING UP AGREED STATEMENT OF FACTS.— The mere filing of an agreed statement of facts does not make it a part of the record where it is not brought up in a bill of exceptions nor incorporated in the judgment entry.

2. APPEAL AND ERROR—PRESUMPTION OF REGULARITY.—Where the trial court found that the defendant was duly served with summons, and that the cause was submitted to the court upon the complaint of the plaintiff and upon oral evidence, it will be pre-

sumed on appeal, the evidence not being brought up, that a judgment by default in plaintiffs' favor was based on evidence not included in the record, though the sheriff's return upon the summons fails to show proper service.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

### STATEMENT BY THE COURT.

Agnes Stroud brought this suit in the circuit court against the Great Southern Fraternal Union to recover $300 alleged to be due her upon a death benefit certificate issued in her favor upon the life of her husband.

Judgment by default was rendered in her favor against the defendant for the amount sued for, and the judgment recites that, "it appearing to the court that the defendant was duly served with process of summons for the time, and in the manner prescribed by law, this cause is submitted to the court for its consideration and judgment upon the verified complaint of plaintiff and upon the oral evidence taken in open court," etc. Two days after the default judgment was rendered, the defendant filed a motion to set aside the judgment and to quash the service of summons upon it.

The plaintiff filed a response to the motion, in which she denied that the judgment was void, and that an improper mode of service was secured upon the defendant.

The circuit court denied the defendant's motion to set aside the default judgment and to quash the service of summons upon it. The case is here on appeal.

*J. R. Booker* and *Thomas J. Price,* for appellant.

*A. B. Belding,* for appellee.

HART, J., (after stating the facts.) Counsel for the defendant insist that the judgment should be reversed because the court erred in refusing to sustain its motion to set aside the judgment and to quash the service of summons upon it. This motion was made at the same term of the court at which the judgment was rendered, and, to sustain the assignment of error in this respect,

counsel for the defendant rely upon an agreed statement of facts, which appears in the transcript.

The mere filing of the agreed statement of facts does not make it part of the record. There is no bill of exceptions in the record, and the purported agreed statement of facts is not incorporated in the judgment itself. Hence we cannot know whether the circuit court erred or not in refusing to set aside the judgment and to quash the service of summons upon the defendant. Therefore, we must assume that the judgment of the court in this respect is correct. *Satterfield* v. *Loupe,* 160 Ark. 226.

Again it is insisted that the judgment roll shows that the judgment by default was erroneous, and that for this reason the judgment should be reversed.

In this assignment of error reliance is placed by counsel for the defendant upon the recital in the service of summons and the return of the officer on it. But the finding of the court is that the defendant was duly served with summons for the time and the manner prescribed by law, and that the cause was submitted to the court upon the complaint of the plaintiff and upon oral evidence. This recital is sufficient to show that the court had jurisdiction. We cannot know that the court based its finding that the defendant was duly served with summons for the time and the manner prescribed by law upon the recital in the summons itself, and the return of the officer. It may be that the court heard other evidence which showed that there was a mistake in the recital of the summons, and in the return of the officer, and based its finding on this evidence which is not included in the record.

The finding of the court that the defendant was duly served with process of summons for the time and in the manner prescribed by law is a matter of record, and is therefore record evidence of the facts recited. The mere fact that the defendant made default did not deprive the court of the power of ascertaining and finding the facts necessary or pertinent to the judgment rendered. The usual presumption in favor of judgments must obtain.

Therefore, we must regard this finding as evidence of the fact it recites, and as sufficient to sustain the judgment. *Roth Tobacco Co.* v. *Layton Department Store,* 163 Ark. 221.

It follows that the judgment must be affirmed.