ROYAL *v.* STATE.

Cr. 4436                                           199 S. W. 2d 744

Opinion delivered February 17, 1947.

Rehearing denied March 17, 1947.

*J. R. Booker* and *Thurgood Marshall, Robert L. Carter, Carl R. Johnson* (nonresidents), for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant was convicted and fined $25 in the municipal court of Van Buren, Arkansas, for violating § 1197 of Pope's Digest, which is a part of § 2 of Act No. 17 of the General Assembly of Arkansas, approved February 23, 1891. This Act, which was amended (in certain particulars not important to a consideration of this case) by Act No. 114, approved April 1, 1893, requires railroad companies to give equal and separate accommodations to persons of the white and African races and directs that travelers of each race use the respective accommodations thus provided. He appealed to circuit court where he was again convicted and fined $25. To reverse the circuit court's judgment he prosecutes this appeal.

The Attorney General has moved to dismiss appellant's appeal on the ground that appellant has failed to make and file proper abstract of the record, as required by our Rule 9. An examination of the record (which a consideration of the Attorney General's motion requires) discloses that there is no bill of exceptions contained therein. Apparently the case was tried in the circuit court, by stipulation of counsel, on a transcript of the testimony adduced in the municipal court, which, without proper authentication, appears in the transcript filed in this court.

But such testimony cannot be made a part of the record on appeal, even by stipulation, in the absence of a bill of exceptions duly authorized by the trial court and authenticated as required by law. *Kinnanne* v. *State,* 106 Ark. 280, 153 S. W. 583; *Satterfield* v. *Loupe,* 160 Ark. 226, 254 S. W. 489. The recent Act of the General Assembly (Act 196 of 1945) providing that stipulations in equity cases may become part of the record without bill of exceptions has, of course, no application to the case at bar.

We have uniformly held that, where the testimony heard in the trial court is not brought into the record by bill of exceptions, we cannot review the evidence to determine whether it is sufficient to support the lower court's

judgment. *Lawrence* v. *State,* 71 Ark. 82, 71 S. W. 263; *McLaughlin* v. *State,* 117 Ark. 154, 174 S. W. 234; *State* v. *Chapman,* 118 Ark. 601, 176 S. W. 315; *Alexander* v. *State,* 138 Ark. 613, 211 S. W. 664; *Nix* v. *State,* 190 Ark. 1177, 81 S. W. 2d 15; *Williams* v. *State,* 192 Ark. 1178, 92 S. W. 2d 658; *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107; *McCarty* v. *State,* 202 Ark. 954, 154 S. W. 2d 594; *Chandler* v. *State,* 205 Ark. 74, 167 S. W. 2d 142; *Westerdale* v. *State,* 205 Ark. 100, 168 S. W. 2d 615; *French* v. *State,* 205 Ark. 386, 168 S. W. 2d 829.

Appellant's only insistence for reversal is that the evidence against him in the lower court was insufficient to establish his guilt. Since this evidence has not been properly brought into the record, we may not appraise its adequacy.

Accordingly the judgment of the lower court is affirmed.