SOUTHWESTERN STATES TELEPHONE COMPANY *v.* BIGGER.

4-8095                                    200 S. W. 2d 90

Opinion delivered March 10, 1947.

*House, Moses & Holmes* and *Horace Jewell,* for appellant.

*Schoonover & Steimel* and *Ponder & Ponder,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Southwestern States Telephone Company, filed this action in the justice of the peace court of Demun township, Randolph county, Arkansas, on September 19, 1944, to recover $72.49 from appellee, Tom Bigger. The complaint alleged this amount to be due for exchange service furnished appellee in the use of a telephone in his store at Biggers, Arkansas, from January 1, 1942, to July 31, 1944. Trial in justice court on October 6, 1944, resulted in a judgment for appellee. The cause was appealed to circuit court where judgment was again rendered in favor of appellee on May 18, 1946. This appeal is prosecuted from the circuit court judgment.

The circuit court judgment recites that the cause was submitted to the court, sitting as a jury, upon the pleadings and stipulation of facts submitted by counsel for the respective parties. There is a stipulation of facts in the record which was filed with the clerk on July 25, 1945. It appears from this stipulation that appellee's defense to the action was based upon his contention that he was entitled to free exchange service which he and

his father had received in connection with the use of the telephone in question since 1903. This alleged right to free service was involved in several conveyances of the telephone system. The stipulation mentions a conveyance of the system from Ozark Telephone Company to Charles M. Conway and recites that a copy of this instrument is marked "Exhibit C" and made a part of the stipulation, but no such exhibit is found in the record. There is no bill of exceptions in the record and the stipulation of facts filed by the clerk is not incorporated in the judgment, or otherwise authenticated by the trial court. We are at the outset, therefore, confronted with the question whether this stipulation of facts can be considered as a part of the record.

The state of the record in the instant case is almost identical with that involved in the case of *Coonrod* v. *Anderson,* 55 Ark. 354, 18 S. W. 373, where the court followed the rule announced in the early case of *Lawson* v. *Hayden,* 13 Ark. 316, as follows: "An agreed statement of facts, signed by the counsel of the parties, filed in the cause, and the filing noted of record, does not thereby become part of the record, not being made so by bill of exceptions or order of the court; and the court below, sitting as a jury, having determined the case upon such agreed statement, and it not having been made part of the record, this court will not look into it for the purpose of reviewing the decision, but the presumption of law being in favor of the correctness of the judgment of the court below, will affirm it."

This rule has been adhered to in many subsequent cases. Chief Justice McCulloch, speaking for the court in *First National Bank of Fort Smith* v. *Thompson, Administrator,* 124 Ark. 161, 186 S. W. 826, said: "The case was tried below on an agreed statement of facts, which was merely filed with the clerk and referred to in the judgment of the court, but is not brought in the record by a bill of exceptions. Therefore we cannot consider it on this appeal. *Coonrod* v. *Anderson,* 55 Ark. 354, 18 S. W. 373. The mere reference in the judgment entry to the agreed statement of facts does not make it a

part of the record when the case is brought here for review, and in order to bring it upon the record it must be in the bill of exceptions or must appear. in full of the record entry of the judgment.'' Other cases to the same effect are, *Ashley* v. *Stoddard, Jr. & Co.,* 26 Ark. 653; *Boyd* v. *Carroll,* 30 Ark. 527; *Kinnanne* v. *State,* 106 Ark. 280, 153 S. W. 583; *Satterfield* v. *Loupe,* 160 Ark. 226, 254 S. W. 489; *Great Southern Fraternal Union* v. *Stroud,* 169 Ark. 509, 275 S. W. 753. The rule has been changed by statute (Act 196 of 1945) in equity cases, but is still applicable in cases at law, and was reaffirmed in the recent case of *Royal* v. *State, ante,* p. 141, 199 S. W. 2d 744.

There is also found in the transcript a ''Statement by the Court on Rendering Judgment'' which was filed by the clerk. Conceding, without deciding, that this statement was properly brought into the record, the judgment of the court is not inconsistent with such findings of fact as are made in this statement by the trial court.

Since the stipulation of facts upon which the case was tried has not been properly brought into the record, we cannot consider it on this appeal and must assume the correctness of the judgment of the trial court.

Affirmed.